## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

CARLTON G. SUTTON,
SUTTON CONSTRUCTION &
DRYWALL SERVICES, INC.,

    Plaintiffs,

v.

AMERIS BANKING COMPANY d/b/a
AMERIS BANK, MARVIN DANZEY,
HARRIS O. PITTMAN, III,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV-07- 1 07-CV- 497-WKW

RECEIVED
2007 JUN -6 A 10: 29
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

RECEIVED
2007 JUN -6 A 10:
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

### NOTICE OF REMOVAL
### AND MOTION TO DISMISS

COME NOW Defendants Ameris Banking Co., Marvin Danzey, and Harris O.

Pittman, III, by and through their undersigned counsel, and pursuant to 28 U.S.C. §§

1332, 1441, and 1446, hereby NOTIFY this Court that they removing the above-

captioned action currently pending in the Circuit Court of Houston County, Alabama to

the United States District Court for the Middle District of Alabama, and further MOVE

this Honorable Court to DISMISS Defendants Marvin Danzey and Harris O. Pittman, III

as having been fraudulently joined.  In support of this Notice of Removal and Motion to

Dismiss, Defendants state as follows:

#### SUMMARY OF BASIS FOR REMOVAL

1.      Removal is proper in this case on the basis of diversity jurisdiction

because Defendant Ameris Bank is a citizen of Georgia, only, and Plaintiffs are citizens

of Alabama; in addition, the amount in controversy exceeds $75,000.  Defendants

Ameris, Danzey, and Pittman have timely filed this Notice of Removal and Plaintiffs'
State Court claims fraudulently join resident Alabama Defendants Marvin Danzey and
Harris O. Pittman, III, against whom no claim for relief has been stated and no specific
allegation is made as required by law.

      2.     Plaintiffs purport to allege claims for fraudulent misrepresentation, deceit,
suppression, conversion, negligence and wantonness, breach of contract, and breach of
fiduciary duty. (See Complaint). Obviously, the only contract in existence, even
purportedly, is in that which is contained in the promissory note between the Plaintiff
Sutton and Ameris Bank, thus, no cause of action is even *purportedly* stated against the
non-diverse defendants, Danzey and Pittman. (*See*, discussion *infra.*, p. 14).

      3.     Second, no fiduciary duty is even purportedly stated to have been owed by
the non-diverse defendants, Danzey and Pittman, and Alabama law holds that no
fiduciary duty exists as between a common debtor-creditor relationship, which is all that
exists between Plaintiffs and Ameris Bank, thus clearly stating no cause of action against
the non-diverse defendants. (*See*, discussion *infra.*, pp. 13-14).

      4.     Third, no specific allegation of conversion is made against either of the
non-diverse defendants, Danzey or Pittman. Alabama law permits no cause of action for
conversion to lie against non-earmarked accounts, such as exist here, or for money unless
it is specifically identifiable specie, such as a bag of coins—none of which exist here.
(*See*, discussion *infra.*, p. 15).

      5.     Fourth, the counts that purport to allege misrepresentation, suppression,
and deceit totally fail to comply with Rule 9(b) of either the Alabama or Federal Rules of
Civil Procedure. Specifically, Plaintiffs have failed to specify any fact that was

misrepresented and have failed to specify time, place, and the contents or substance of the false representations, the facts represented, and the identification of what has been obtained. Plaintiffs have further failed to allege with what they have parted or in what manner or act they have done in reasonable reliance thereon. Indeed, Plaintiffs have failed to state fraud at all, but have only stated promissory fraud. (*See* discussion, *infra.*, ¶ 20).

6.    Fifth, every allegation in Plaintiffs' Complaint appears to be made equally against Defendants Danzey and Pittman and the fictitious defendants. The Complaint repeatedly refers to "AMERIS BANK, PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS 'A' through 'O.'" and fails to state any specific wrongdoing by Pittman or Danzey personally. The non-diverse Defendants are treated by Plaintiffs *as if they were* fictitious defendants. Each and every count in the Plaintiffs' Complaint fails to state any alleged wrongdoing by any resident defendant individually or to allege any legal basis for recovery against Pittman or Danzey. (*See* discussion *infra.*, pp. 10-12).

### PROCEDURAL REQUIREMENTS

7.    Plaintiffs Carlton G. Sutton and Sutton Construction & Drywall Services, Inc. filed a Complaint against Defendants Ameris Banking Co., Marvin Danzey, and Harris O. Pittman, III in the Circuit Court of Houston County, Alabama on May 2, 2007. The case is styled *Carlton G. Sutton and Sutton Construction & Drywall Services, Inc. v. Ameris Banking Company d/b/a Ameris Bank, Marvin Danzey, Harris O. Pittman, III, et al.*, CV 07-260-L (the "State Court Action"). All papers filed or served in the State Court Action are attached hereto as Exhibit "1."

8.    Ameris Banking Co. was served with the Complaint on May 11, 2007 by certified mail; Marvin Danzey and Harris O. Pittman, III were served with the Complaint on May 14, 2007 by certified mail. *See*, Alabama SJIS Case Detail, Case Action Summary, attached hereto as Exhibit "2." Thus, this Notice of Removal is filed with this Court within thirty (30) days of receipt of the Complaint as required by 28 U.S.C. § 1446(b).

9.    In accordance with 28 U.S.C. § 1446(d), the Notice of Removal is being filed with the Clerk of the United States District Court for the Middle District of Alabama.

10.    In accordance with 28 U.S.C. § 1446(d), these Defendants have also given written notice to Plaintiffs by contemporaneously serving this Notice of Removal and Motion to Dismiss on counsel for the Plaintiffs.

11.    Venue lies in this Court because Plaintiffs' action is pending in this district. *See* 28 U.S.C. § 1441(a).

### DIVERSITY OF CITIZENSHIP DUE TO FRAUDULENT JOINDER

**A.    STATEMENT OF DIVERSITY**

12.    Defendant Ameris Bank is a Georgia corporation with its principal place of business in Moultrie, Georgia. (See Cindi Lewis Aff., ¶ 5, attached hereto as Exhibit "3"). Defendants Marvin Danzey and Harris O. Pittman, III are Alabama citizens and residents. Plaintiff Carlton G. Sutton is an Alabama citizen and resident and Plaintiff Sutton Construction & Drywall Services is an Alabama corporation with its principal place of business in Ariton, Alabama. (See Complaint).

13. Even though Defendants Danzey and Pittman are Alabama citizens, complete diversity exists because Danzey and Pittman are not proper defendants. "If a defendant was fraudulently joined, its citizenship is not considered for the purpose of determining diversity jurisdiction." *Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp. 2d 1228, 1231 (M.D. Ala. 2004); *Gordon v. Pfizer, Inc.*, 2006 WL 2337002, *3 (N.D. Ala. 2006) ("The doctrine of fraudulent joinder prevents plaintiffs from defeating federal diversity jurisdiction by simply naming in-state defendants."). "As the United States Supreme Court has long recognized, a defendant's 'right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy.'" *Owens v. Life Ins. Co. of Georgia*, 289 F. Supp. 2d 1319, 1323-24 (M.D. Ala. 2003) (quoting *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921)).

**B.    STANDARD OF REVIEW**

14. A removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment. *Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005). The determination of whether a resident defendant has been fraudulently joined must be based on the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

15. Fraudulent joinder may be shown by a lack of a factual or legal basis for plaintiff's claims. *Owens,* 289 F. Supp. 2d at 1323-24 (holding that where the statute of limitations had run on the plaintiff's claims against the resident defendants, the action would not lie against the resident defendants); *Gordon,* 2006 WL 2337002, *2 (finding

that the plaintiff failed to plead fraud with particularity as to the resident defendants, so

there was no legal basis for the plaintiff's fraud claims against the resident defendants).

*Owens,* 289 F. Supp. 2d at 1323-24.

16.    Removal is required where there is no possibility that the Plaintiff can

establish a claim against the resident defendants.  While it is true that in conducting a

removal analysis, a court must resolve all disputed questions of fact and ambiguities of

law in favor of the non-removing party, such a resolution is conducted only when there

exists "some question of fact" that could be resolved in the plaintiff's favor.  *Legg,* 428

F.3d at 1323.  As more specifically set out herein below, no such question of fact exists.

Thus, a case should be removed where "the court is convinced that there is 'no possibility

that the plaintiff can establish any cause of action against the resident defendant.'"

*Owens,* 289 F. Supp. 2d at 1324 (quoting *Cabalceta v. Standard Fruit Co.,* 883 F.2d

1553. 1561 (11th Cir. 1989).  The term "no possibility" does not mean "no *theoretical*

possibility" of recovery, but means "no *reasonable* possibility" of recovery.  The mere

theoretical possibility of recovery under state law is insufficient to prevent removal:

> The potential for legal liability "must be reasonable, not
> merely theoretical." *Great Plains Trust Co. v. Morgan
> Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th
> Cir.2002). In considering possible state law claims,
> possible must mean "more than such a possibility that a
> designated residence can be hit by a meteor tonight. That is
> possible. Surely, as in other instances, reason and common
> sense have some role." *Braden v. Wyeth,* CV-04-PT-235-E
> (N.D. Ala. June 30, 2004).

*Legg,* 428 F.3d 1317, 1325, & fn.5 (11th Cir. 2005)).

17.    To require remand, the Plaintiffs must show that there exists "a reasonable

basis for predicting that state law might impose liability on the resident defendants under

6

the facts alleged." *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979). "Joinder

of a non-diverse defendant is fraudulent where there is 'no reasonable possibility' that the

plaintiff would be able to establish a cause of action against a resident defendant."

*Gordon*, 2006 WL 2337002, *2-3 (citing *Legg*, 428 F.2d at 1325; *Triggs v. John Crump

Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998)).

18.     In the present case, there is no "reasonable possibility" that Plaintiffs can

establish any cause of action against the resident defendants Danzey and Pittman.

Plaintiffs have failed to state claims upon which relief can be granted as to the alleged

resident defendants. Therefore, the Plaintiffs' Complaint lacks both legal and factual

basis.

## C.     FAILURES OF FACT AND LAW IN PLAINTIFFS' COMPLAINT

### 1.     PLAINTIFFS' COMPLAINT COMPLETELY FAILS TO PLEAD FRAUD WITH PARTICULARITY AS REQUIRED BY RULE 9.

19.     The Plaintiffs have failed to allege fraud, suppression, and deceit with

particularity as required by Rule 9(b) of both federal and Alabama rules of civil

procedure. Rule 9(b) requires that "the pleading must show time, place, and the contents

or substance of the false representations, the facts represented, and the identification of

what has been obtained." Rule 9(b), Fed. R. Civ. P., Committee Comments; Rule 9(b),

Ala. R. Civ. P., Committee Comments (stating that the Alabama Rule is identical to the

federal rule). *See also, Gordon*, 2006 WL 2337002, at *7 ("The Complaint fails to

specify time, place, content or speaker of *any* particular representations by [the resident

defendant].").

20.     In addition, particularity "requires a plaintiff in pleading fraud to

distinguish among defendants and specify their respective role in the alleged fraud."

7

*McAllister Towing & Transp. Co. v. Thorn's Diesel Serv. Inc.*, 131 F. Supp. 2d 1296,

1302 (M.D. Ala. 2001)).  "The [Rule 9(b)] pleading requirements are not satisfied if [the]

plaintiff fails to 'distinguish among defendants and specify their respective role in the

alleged fraud.'"  *Gordon*, 2006 WL 2337002, at *6 (quoting *McAllister Towing &*

*Transp. Co.*, 131 F. Supp. 2d at 1302.

      21.    Plaintiffs have utterly and completely failed to plead any facts or

circumstances that would satisfy the requirements of Rule 9(b).  Plaintiffs vaguely allege

that "Defendants Pittman and Danzey misrepresented to Plaintiffs that they *would* take

care of the discrepancies [with the Plaintiffs' accounts] and that they *would* thereafter

properly apply payments to Plaintiffs' loans."  No explanation is given as to what these

discrepancies were, when or where these conversations occurred, or who specifically

made what representations.  Plaintiffs fail to allege, time, place, specific content, or

speaker.  Moreover, Plaintiffs have failed to alleged fraud at all, but have alleged only

promissory fraud.  *Saia Food Distributors and Club, Inc. v. SecurityLink from Ameritech,*

*Inc.*, 902 So. 2d 46, 56-57 (Ala. 2004)

      22.    Additionally, Plaintiffs fail to distinguish among the defendants.  Plaintiffs

treat Danzey and Pittman on equal footing as the fictitious defendants, alleging

fraud/misrepresentation as follows:

> Plaintiffs allege that Defendants AMERIS BANK and/or
> FICTITIOUS DEFENDANTS "A" through "O" are guilty
> of fraud and misrepresentation.  The misrepresentations
> referred to herein were made by Defendant AMERIS
> BANK, by and through its employees, agents, servants or
> representatives, including but not limited to Defendants
> PITTMAN and DANZEY . . .

(Complaint, p. 8, ¶ 2).  But Plaintiffs totally fail to state *what* was allegedly misrepresented.  Further, Danzey and Pittman are repeatedly and consistently included with the fictitious defendants throughout Plaintiffs' complaint as Plaintiffs *attempt* to state claims against "AMERIS BANK, PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS 'A' through 'O.'"  (*See* discussion *infra.*, ¶¶ 27 & 28; See Generally, Complaint).

23.    Plaintiffs state in very broad terms what they allege that the misrepresentations were—"that Defendants *would* reasonably and properly handle, maintain, oversee, protect, possess and/or otherwise account for Plaintiffs' loan . . .; that Defendants *would* act with honesty and in good faith in and throughout the process of obtaining maintaining, overseeing, protecting possessing, accounting for and/or other wise handling Plaintiffs accounts and/or loans . . .; [and] that Defendants *would* take care of the Plaintiffs loan account discrepancies and would properly apply Plaintiffs' payments to Plaintiffs' loan."[1]  (Complaint, pp. 8-9, ¶ 2.a-2.c.; pp. 12-13, ¶ 2).  Again, Plaintiffs fail to specify how either party had any specific role in the alleged fraud, suppression, or deceit.  Plaintiffs allege no details of time or place.  That which is alleged to have been misrepresented is couched in wordy legalese but ultimately says nothing.

24.    Plaintiffs have alleged no basis for failure to discover any alleged "discrepancies" on their loan accounts in their suppression claim.  Any customer can go to any Ameris bank office and request a history of their loan.  (Pittman Aff., ¶ 9).  Mr.

---

[1] Beyond being vague and uncertain, Plaintiffs have clearly only alleged *promissory* fraud, which requires proving that whichever party alleged to have made the statement made it with the intent to deceive and to not perform the acts as promised. *American Pioneer Life Ins. Co. v. Sherrard*, 477 So. 2d 287, 290 (Ala. 1985). Furthermore, the alleged duties are not ones owed by Danzey or Pittman. While it may be arguable that Ameris Bank owes the Plaintiffs some duty, and that duty would be limited to the terms of the loan agreements, there was certainly no duty by either non-diverse defendant to handle Plaintiffs' loan account in any way. *See*, discussion *infra.*, pp. 13-14.

9

Sutton has never been denied any request for documents at any of the Ameris Bank locations. (Pittman Aff., ¶ 9). Plaintiffs would necessarily have been put on notice of any alleged "discrepancies" in their account, if they actually existed, via their loan histories prior to January, 2005 *as a matter of law*.[2] *Owens*, 289 F. Supp. 2d at 1326; *Cassassa*, 949 F. Supp. at 828-29.

25.     Plaintiffs' claims for fraud, suppression, and deceit against the resident defendants are therefore due to be dismissed for failure to plead with particularity. *Gordon*, 2006 WL 2337002, at \*6; *McAllister Towing & Transp. Co.*, 131 F. Supp. 2d at 1302.

**2.     PLAINTIFFS FAIL TO SPECIFY ANY WRONGDOING BY THE RESIDENT DEFENDANTS.**

26.     In addition to failing to identify the details of any fraudulent misrepresentation, suppression, or deceit, Plaintiffs fail to specify any particular act, incident, or wrongdoing that Danzey or Pittman allegedly did or did not do. Danzey had no involvement whatsoever in the handling of Plaintiffs' loans and Pittman's only involvement was to approve the renewal of Sutton's loan consolidation. Neither Danzey nor Pittman had any knowledge of any alleged mishandling or misapplication of any of Plaintiffs' loans or loan payments. Plaintiffs allege that "Defendants" failed to provide reasonable banking services, but neither Danzey nor Pittman had a duty to provide banking services to Plaintiffs.

27.     Danzey and Pittman are treated on equal footing as fictitious defendants throughout the Complaint. (See Complaint, p. 5, ¶ 12; p. 6, ¶ 3; p. 8, ¶ 2; p. 9, ¶ 4; p. 10,

---

[2] Furthermore, any claim that Ameris Bank failed to provide plaintiffs with loan histories, if such a claim is in fact being made, is a claim for breach of contract under the terms of the Plaintiff Sutton's promissory note, not an actual claim for suppression. (See Promissory Note, p. 3, ¶ 23, attached hereto as Exhibit "6.")

¶ 6; p. 10, ¶ 2; p. 12, ¶ 7; pp. 12-13, ¶ 2; p. 15, ¶ 7; pp. 17-19, ¶¶ 2-4; p. 21, ¶¶ 2-5). The

Complaint repeatedly refers to "AMERIS BANK, PITTMAN, DANZEY and/or

FICTITIOUS DEFENDANTS 'A' through 'O'" and fails to state any specific

wrongdoing by Pittman or Danzey personally. (See *id.*). The result is that Defendants

Danzey and Pittman are treated *as if they were* fictitious defendants. For purposes of

removal, 28 U.S.C. § 1441(a) specifically instructs courts to disregard the citizenship of

defendants sued under fictitious names.

       28.     Further, there is no distinction between any defendants for any allegation.[3]

(See Complaint, p. 7, ¶¶ 4-6; p. 9, ¶ 3-5; p. 11, ¶¶ 3-6; p. 12, ¶ 8; p. 14, ¶¶ 3-5; p. 15, ¶¶

6-8; pp. 19-20, ¶¶ 5-6; p. 21, ¶ 3; p. 22, ¶ 8). Plaintiffs never specify any wrongdoing by

Defendant Danzey or Pittman, but repeatedly use the generic term "Defendants"

throughout the Complaint to describe the supposedly culpable party. (See *id.*). The

repeated use of "and/or" throughout the Complaint reflects Plaintiffs' own inability to

recognize any specific action or inaction by Defendants Danzey or Pittman.[4]

       29.     Marvin Danzey is a collector, not a loan officer. (Danzey Aff., ¶ 3,

attached hereto as Exhibit "4"). His job is to simply call the customers whose names

appear on a delinquency list and to attempt to collect the exact payment due. (Danzey

Aff., ¶ 4). He never made any representations such as those alleged in the Complaint.

---

[3] The only claim where one Defendant is singled out appears to be the Breach of Contract claim. There, only Defendant Ameris Bank is listed as the party to the contract. There is no allegation of liability against either Danzey or Pittman in Plaintiffs' Breach of Contract count and, indeed, there never can be because Plaintiffs' contract is set forth in the subject promissory notes, signed by Plaintiffs, and is with Ameris Bank, not Messrs. Danzey or Pittman. (See Complaint, pp. 16-17).

[4] Beyond being vague and non-specific, Plaintiffs' Complaint alleges only one date in which the alleged events occurred, "[i]n or about 2004." (See Complaint, p. 4, ¶ 5). Where a plaintiff's claims against the resident defendants are barred by the statute of limitations, the Court will find "that there is no possibility that [the] Plaintiff can establish a cause of action against [the resident Defendant]." *Owens*, 289 F. Supp. 2d at 1326 ("Accordingly, the court concludes that [the resident Defendant] has been fraudulenty joined . . ."). The Alabama Statute of Limitations for tort claims is two years, therefore, Plaintiffs claims, even if able to state a claim upon which relief could be granted, would fail by virtue of being barred by the statue of limitations. *See*, ALA. CODE § 6-2-38 (1975).

(Danzey Aff., ¶ 5). The only relevant contact he had with Plaintiff Sutton was to tell him when a note was past due. (Danzey Aff., ¶¶ 6 & 7). He told Sutton the exact amount that the delinquency list showed was due, and a secretary collected that exact amount from Plaintiff Sutton and provided it to the appropriate individuals at Ameris for processing. (Danzey Aff., ¶ 6). Danzey has no knowledge of any misapplication or mishandling of Plaintiffs' funds. (Danzey Aff., ¶ 8). He has no duty for accounting or for any matters relating to loans. (Danzey Aff., ¶ 8). He never had any dealings with Plaintiff Sutton regarding the "handling, maintaining, or overseeing" any of Sutton's accounts. (Danzey Aff., ¶ 5).

30.    Harris O. Pittman, III was not involved in Plaintiffs' loans until well after 2004. (Pittman Aff., ¶ 7). He only approved the renewal of Sutton's consolidated loan. (Pittman Aff., ¶ 7). He never made any representations such as those alleged in the Complaint. (Pittman Aff., ¶ 8). He has no knowledge of any misapplication or mishandling of Plaintiffs' funds. (Pittman Aff., ¶¶ 8 & 11). He has no duty for accounting or any matters specifically related to Plaintiffs' loans.

31.    An agent is an innocent conduit for the principal where the agent has no knowledge of the alleged fraud. *See*, *Montgomery Rubber and Gasket Co., Inc. v. Belmont Machinery Co., Inc.*, 308 F. Supp. 2d 1293, 1298 (M.D. Ala. 2004). In this instance, neither of the resident Defendants has any knowledge of any mishandling or misapplication of Plaintiffs' loan accounts. Their actions are completely innocent and there is no basis or specific allegation to attempt to show otherwise.

### 3.    NO DUTY IS OWED APART FROM THE TERMS OF PLAINTIFFS' NOTES AND/OR LOAN AGREEMENTS.

32.    Any allegations of an agreement to act or to perform according to terms separate or apart from the Plaintiffs' notes and/or loan agreements fail to state any claim upon which relief can be granted.  The only duty owed by Ameris Bank or its agents to the Plaintiffs is that which is owed according to the terms of the Plaintiffs' notes and/or loan agreements.  Any other alleged agreement is barred by the Statute of Frauds.

33.    The Alabama Statute of frauds provides:  "Every agreement or commitment to lend money, delay or forebear repayment thereof or to modify the provisions of such an agreement or commitment . . . is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing."  ALA. CODE § 8-9-2 (1975).

34.    A party cannot recover for negligence, wantonness, willfulness, or for breach of fiduciary duty without a duty owed.  *See, Thompson v. United Companies Lending Corp.*, 699 So. 2d 169, 175 (Ala. Civ. App. 1997).  A bank owes a loan applicant no duty outside or apart from terms of an actual loan agreement that was entered into with the applicant.  *Cahaba Seafood, Inc., v. Central Bank of the South*, 567 So. 2d 1304 (Ala. 1990).  Additionally, there is no cause of action in Alabama for negligence based strictly on a party's failure to perform according to a promise.  *Armstrong Business Services, Inc. v. AmSouth Bank*, 817 So. 2d 665, 681-82 (Ala. 2001).

35.    In addition, Plaintiff Sutton's only loan with Ameris Bank specifically contains an "Integration" clause that says:

This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by [Sutton] and [Ameris Bank]. This Note is the complete and final expression o f the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable.

(See Promissory Note, p. 3, ¶ 21).

36.     Plaintiffs cannot recover for negligence/wantonness/willfulness or for breach of fiduciary duty without a duty owed. The Plaintiffs' loan agreements are in excess of $25,000 and are subject to the Alabama Statute of Frauds. No duty is owed or can arise separate or apart from the written terms of Plaintiffs' loan agreements, to which Danzey and Pittman are not parties.

### 4.     PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

37.     Plaintiffs cannot claim breach of fiduciary duty against Pittman or Danzey because neither party owed a fiduciary duty to either Plaintiff.

38.     "Courts have traditionally viewed the relationship between a bank and its customer as a creditor-debtor relationship which does not impose a fiduciary duty of disclosure on the bank. A fiduciary duty may arise when the customer reposes trust in a bank and relies on the bank for financial advice, or in other special circumstances." *Faith, Hope and Love, Inc. v. First Alabama Bank of Talladega County, N.A.*, 496 So. 2d 708, 711 (Ala. 1986) (quoting *Baylor v. Jordan*, 445 So. 2d 254, 256 (Ala. 1984)).

39.     As Plaintiffs have alleged, they are in a creditor-debtor relationship with the bank and there is not "special circumstances" that would impose any fiduciary duty upon a collector such as Danzey, or the Dothan branch president, such as Pittman.

Clearly, Plaintiffs' claims for breach of fiduciary duty are without basis of law or fact and must be dismissed against the non-diverse Defendants.

> **5.   PLAINTIFFS FAIL TO STATE A BREACH OF CONTRACT CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST THE NON-DIVERSE DEFENDANTS.**

40.    Neither Danzey nor Pittman are individual parties to the Plaintiffs' loan agreements with Ameris Bank. Consequently, no breach of contract action can be sustained against either party as a matter of law. Furthermore, no claim has been made against Pittman or Danzey for Breach of Contract. (See Complaint, pp. 16-17).

41.    The first element of a breach-of-contract claim under Alabama law is the existence of "a valid contract binding the parties." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105-06 (Ala. 2002) (citing *State Farm Fire & Cas. Co. v. Slade,* 747 So. 2d 293, 303 (Ala. 1999)). In the instant case, neither Danzey nor Pittman were party to the loan agreements with Plaintiffs.

42.    Clearly, without being actual parties to a written loan agreement, there can be no set of facts that could make either Danzey or Pittman liable for a breach of contract claim. As previously addressed, any alleged oral agreements to "delay or forebear repayment" or to "modify the provisions" the loan agreement separate and apart from what was in the written loan agreements would be barred by the Alabama Statute of Frauds. *See*, discussion *supra.*, pp. 12-13.

> **6.   PLAINTIFFS FAIL TO STATE A CONVERSION CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST THE NON-DIVERSE DEFENDANTS.**

43.    Plaintiffs fail to state a claim against Defendants Danzey and Pittman as agents of their creditor for conversion of Plaintiffs' money because there is no obligation to return identical money back to the Plaintiffs.

44.    "When there is no obligation to return . . . identical money, but only a relationship of debtor or creditor, an action for conversion of funds representing the indebtedness will not lie . . ." *Lewis v. Fowler*, 479 So. 2d 725 (Ala. 1985).  Only money that has been "earmarked" or is otherwise capable of specific identification such as a bag of coins can be the subject of a conversion action.  *Id.* citing *Moody v. Keener*, 7 Port. 218 (Ala. 1838).

45.    Plaintiffs had a standard debtor relationship with Ameris Bank.  Plaintiffs were not depositing rare coins or otherwise identifiable money.  (See Pittman Aff., ¶ 5). Plaintiffs have not alleged that a specific earmarked item of money was "mishandled," only that Plaintiffs' general loan accounts were "mishandled."  Such an allegation fails to state a claim for conversion against the resident defendants upon which relief can be granted.

## JURISDICTIONAL AMOUNT

46.    As required by 28 U.S.C. § 1441, these Defendants seek to remove this case to the Middle District of Alabama because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

47.    Plaintiffs do not seek a specific damage amount in their Complaint, but claim damages "in an amount exceeding the jurisdictional minimum of this Court."  Of course, a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy.  *See e.g.*, *Owens*, 289 F. Supp. 2d at 1327 (allowing removal where Plaintiff only alleged damages in "an amount to be awarded by a jury of [Defendants'] peers"); *Steele v. Underwriters Adjusting Co., Inc.*, 649 F. Supp. 1414, 1415 (N.D. Ala. 1986) (to disallow removal just because plaintiff did

16

not allege a jurisdictional amount would be "simply unfair"). In this case, the Plaintiffs

claim recovery for damages to their loan accounts in whole or in part, which currently

have balances in excess of $223,000. (See Promissory Note, attached hereto as Exhibit

"5"; Pittman Aff, ¶ ).

     48.     While a removing defendant has the burden of proving the existence of

federal jurisdiction, "[w]here a Plaintiff has made an unspecified demand for damages, a

lower burden of proof is warranted because there is simply no estimate of damages to

which a court may defer." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57

(11th Cir. 1996) *overruled on other grounds*. "Thus, . . . where a plaintiff has made an

unspecified demand for damages in state court, a removing defendant must prove by a

preponderance of the evidence that the amount in controversy more likely than not

exceeds the [$75,000] jurisdictional requirement." *Id.* at 1357; *Owens*, 289 F. Supp. at

1326 ("Defendants must only show that 'the amount in controversy more likely than not

exceeds the jurisdictional requirement.'") quoting *Tapscott*.

     49.     Plaintiffs have alleged Negligence/Wantonness/Willfulness,

Fraud/Misrepresentation, Suppression, Deceit, Breach of Contract, Breach of Fiduciary

Duties, and Conversion. Plaintiffs have specifically sought punitive damages. (See

Complaint, p. 7, ¶ 6; p. 9, ¶ 5; p. 11, ¶ 6; p. 15, ¶ 6; p. 21, ¶ 3). The law is clear that a

claim for "punitive damages" is to be considered as part of the damages claimed in

determining the amount in controversy. *Bell v. preferred Life Assurance Society*, 320

U.S. 238 (1943); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 15312, 1535 (11th

Cir. 1987); *Bolling v. Union Nat. Life Ins. Co.*, 900 F. Supp. 400 fn.6 (M.D. Ala. 1995)

("punitive damages, if available are to be considered in determining the amount in controversy").

50.    Plaintiffs also seek to recover compensatory damages. In their Complaint, Plaintiffs generally claim that Defendants either misapplied or mishandled money paid on Plaintiffs' loan account(s) with Ameris Bank, alleging oppression, coercion, wantonness, willfulness, malice, suppression, and a pattern and practice of intentional misconduct. Plaintiffs loans total in excess of $223,000. (See Pittman Aff., ¶ 5).

51.    As a part of their compensatory damages claim, Plaintiffs also claim "mental and emotional distress." (Complaint, p. 7, ¶ 5.d.). Such a claim could theoretically be upheld by the Alabama Supreme Court even if in excess of $1,000,000. *See e.g., Duck Head Apparel Co., Inc. v. Hoots*, 659 So. 2d 897, 908 (Ala. 1995).

52.    While Defendants are unaware of a similar type complaint alleging "misapplication or mishandling" of money paid on a loan ever having been filed in Alabama or in the Eleventh Circuit, it is not uncommon for a successful action for fraud to have punitive damages in excess of $75,000, *even if* the compensatory damages award is minimal. *See e.g., Sparks v. Cash America Intern., Inc.*, 789 So. 2d 231, 235 (Ala. 2000); *Reserve Nat. Ins. Co. v. Crowell*, 614 So. 2d 1005, 1009 (Ala. 1993).

53.    Therefore, the amount of Plaintiffs' claims exceeds the jurisdictional limit of $75,000.

## CONCLUSION

54.    Plaintiffs' Complaint fails to state any claim upon which relief can be granted as to the resident Defendants Danzey and Pittman. The inclusion of Danzey and Pittman as defendants is without basis in law or fact and appears to have been done solely

18

to defeat removal jurisdiction.  Neither party is given any status separate from Ameris

Bank, generally or even from the fictional defendants.  It was for situations just as this

that removal jurisdiction was created:

> "The removal process was created by Congress to protect
> defendants. Congress 'did not extend such protection with
> one hand, and with the other give plaintiffs a bag of tricks
> to overcome it." ' *See Legg v. Wyeth,* 428 F.3d 1317, 1325
> (11th Cir.2005) (internal quotation marks omitted).
> "Federal courts should not sanction devices intended to
> prevent a removal to a Federal court where one has that
> right, and should be equally vigilant to protect the right to
> proceed in the Federal court...." *Wecker v. Nat'l Enamiling
> & Stamping Co.,* 204 U.S. 176, 186, 27 S.Ct. 184, 51 L.Ed.
> 430 (1907).

*Gordon*, 2006 WL 2337002, at *2.  Danzey and Pittman have been improperly included

as Defendants in this lawsuit.  This Court has proper jurisdiction and all claims against

the resident Defendants should be dismissed.

WHEREFORE, these Defendants hereby notify this Court of removal of the State

Court Action *Carlton G. Sutton and Sutton Construction & Drywall Services, Inc. v.

Ameris Banking Company d/b/a Ameris Bank, Marvin Danzey, Harris O. Pittman, III, et

al.*, that was filed in Houston County with the style CV 07-260-L.  These Defendants

further move this Honorable Court to Dismiss Defendants Danzey and Pittman as having

been fraudulently joined to the subject action.

Respectfully Submitted,

WILLIAM P. GRAY, JR. (ASB-5268-R78W)
DOUGLAS N. ROBERTSON (ASB-1128-O76R)
Attorneys for Ameris Bank, Marvin Danzey, and
Harris O. Pittman, III

OF COUNSEL:
GRAY & ASSOCIATES, L.L.C.
3800 Colonnade Parkway, Suite 545
Birmingham, Alabama  35243
Telephone:  (205) 968-0900


## CERTIFICATE OF SERVICE

I certify that I have served a copy of the above and foregoing on all counsel of record named below by placing same in the United States Mail, postage prepaid, this 6th day of June 2007.

Leah Taylor, Esq.
Ted Taylor, Esq.
Taylor & Taylor
2130 Highland Avenue
Birmingham, Alabama  35205-4002

Will Lee, Esq.
Bill Lee, Esq.
Lee & McInish, P.C.
P.O. Box 1665
Dothan, Alabama  36302

_William P. Gray_____
Of Counsel

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

CARLTON G. SUTTON, an            §
individual; SUTTON CONSTRUCTION  §
& DRYWALL SERVICES, INC.,        §
a corporation,                   §
                                 §
        Plaintiffs,              §      CIVIL ACTION NO.
                                 §
vs.                              §      CV-07-2602
                                 §
AMERICAN BANKING COMPANY,        §
a corporation, d/b/a AMERIS      §
BANK; MARVIN DANZEY, an          §
individual; HARRIS O. PITTMAN,   §
III, an individual; et al.,      §
                                 §
        Defendants.              §

### SUMMONS

This service by certified mail of this Summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

        NOTICE TO:     Mr. Harris O. Pittman, III
                       c/o Ameris Bank
                       3299 Ross Clark Circle
                       Dothan, Alabama 36303


        The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint, to **Taylor, & Taylor, 2130 Highland Avenue, Birmingham, Alabama 35205**. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.


DATED: May 9 ___, 2007     _Carla Woodall_____
                           Clerk, Houston County, Alabama


DEFENDANT'S
EXHIBIT

1

Blumberg No. 5114

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

CARLTON G. SUTTON, an individual;　)
SUTTON CONSTRUCTION & DRYWALL　)
SERVICES, INC., a corporation;　)
　　　　　　　　　　　　　　　　　)
　　Plaintiffs,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)　CASE NO.: CV 07-260ℓ
　　　　　　　　　　　　　　　　　)
AMERICAN BANKING COMPANY d/b/a　)
AMERIS BANK a corporation; MARVIN　)
DANZEY, an individual; HARRIS O.　)
PITTMAN, III, an individual;　)
Fictitious Defendants "A," "B,"　)
and "C," whether singular or　)
plural, that employee, agent or　)
servant of Defendant AMERICAN　)
BANKING COMPANY d/b/a AMERIS　)
BANK who or which negligently,　)
wantonly and/or willfully　)
contracted with and/or　)
supervised and/or monitored　)
Defendants MARVIN DANZEY and　)
HARRIS O. PITTMAN, III and/or　)
Fictitious Defendants; Fictitious　)
Defendants "D," "E," and "F,"　)
whether singular or plural, that　)
person, firm or corporation who or　)
which concealed, suppressed or　)
failed to inform or otherwise　)
make known to Plaintiffs that　)
Plaintiffs' accounts, loans,　)
monies and/or funds were not　)
being properly handled, directed,　)
reimbursed and/or otherwise　)
managed; Fictitious Defendants　)
"G," "H," and "I," whether　)
singular or plural, that person,　)
firm or corporation who or which　)
negligently, wantonly,　)
willfully, fraudulently or　)
otherwise wrongfully engaged　)
and/or participated in the　)
process of mishandling Plaintiffs'　)
accounts, loans, monies and/or　)
funds with which Plaintiffs had　)
entrusted to Defendants; Fictitious)
Defendants "J," "K," and "L,"　)

FILED

MAY 0 2 2007

*Carla Woodall*
Carla Woodall, Clerk
Houston County, AL

```
whether singular or plural, that    )
person, firm or corporation          )
who or which participated in or      )
otherwise did actively or passively)
aid or abet the wrongdoing set out   )
herein; Fictitious Defendants        )
"M," "N," and "O," whether           )
singular or plural, that             )
person, firm or corporation that     )
is the true and correct name(s)      )
of the Defendants listed herein      )
as Defendants HARRIS O. PITTMAN,     )
III, MARVIN DANZEY and/or            )
Defendant AMERICAN BANKING COMPANY   )
d/b/a AMERIS BANK,                   )
                                     )
    Defendants.                      )
```



FILED

MAY 0 2 2007

Carla Woodall, Clerk
Houston County, AL

## C O M P L A I N T

COME NOW the Plaintiffs, CARLTON G. SUTTON and SUTTON CONSTRUCTION & DRYWALL SERVICES, INC., and for their Complaint against Defendants AMERICAN BANKING COMPANY d/b/a AMERIS BANK, MARVIN DANZEY, HARRY PITTMAN and the fictitiously described Defendants, state as follows:

1.     Plaintiff CARLTON G. SUTTON is over the age of nineteen years and resides in Dale County, Alabama.

2.     Plaintiff SUTTON CONSTRUCTION & DRYWALL SERVICES, INC. (hereinafter "SUTTON CONSTRUCTION") is a corporation duly authorized to do business in Alabama and which does business in many counties, including Houston County, Alabama.

3.     Defendant AMERICAN BANKING COMPANY d/b/a AMERIS BANK (hereinafter "AMERIS BANK") is a corporation duly authorized to do

business in Alabama and which does business in many counties throughout the State, including Houston County, Alabama.

4. Defendant MARVIN DANZEY is an individual over the age of nineteen years and resides in Houston County, Alabama.

5. Defendant HARRIS O. PITTMAN, III is an individual over the age of nineteen years and resides in Houston County, Alabama.

6. Fictitious Defendants "A," "B," and "C," whether singular or plural, are those employees, agents or servants of Defendant AMERIS BANK who or which negligently, wantonly and/or willfully contracted with and/or supervised and/or monitored Defendants PITTMAN, DANZEY and/or Fictitious Defendants; Fictitious Defendants "D," "E," and "F," whether singular or plural, is that person, firm or corporation who or which concealed, suppressed or failed to inform or otherwise make known to Plaintiffs that Plaintiffs' accounts, loans, monies and/or funds were not being properly handled, directed, reimbursed and/or otherwise managed; Fictitious Defendants "G," "H," and "I," whether singular or plural, is that person, firm or corporation who or which negligently, wantonly, willfully, fraudulently or otherwise wrongfully engaged and/or participated in the process of mishandling Plaintiffs' accounts, loans, monies and/or funds with which Plaintiffs had entrusted to Defendants; Fictitious Defendants "J," "K," and "L," whether singular or plural, are those persons, firms or corporations who or which participated in or otherwise did actively or passively aid or

-3-

abet the wrongdoing set out herein; Fictitious Defendants "M," "N," and "O," whether singular or plural, are those persons, firms or corporations that are the true and correct name(s) of the Defendants listed herein as Defendants AMERIS BANK, PITTMAN and/or DANZEY. Plaintiffs aver that the wrongdoing of the aforesaid Fictitious Defendants proximately caused damage to them. Plaintiffs aver that the identities of the Fictitious Defendants are otherwise unknown to them at this time, or if their names are known to Plaintiffs at this time, their identities as proper party Defendants are not known to Plaintiffs at this time, and their true names will be substituted by amendment when ascertained.

5.    In or about 2004, Plaintiff CARLTON G. SUTTON met with one or more employees, including Defendant DANZEY of Defendant AMERIS BANK in connection with a loan for his construction business, Plaintiff SUTTON CONSTRUCTION. Defendant AMERIS BANK, by and through its employees, represented that it would finance Plaintiffs' loan at certain rates, terms, amounts and conditions and would properly handle and account for Plaintiffs' monies. As a result of these representations by Defendants, Plaintiffs agreed to and did enter into certain contracts and/or agreements with Defendant AMERIS BANK for a loan.

6.    Plaintiffs properly made payments on said loan.

7.    Plaintiffs aver that monies which they paid toward their loan were misapplied or otherwise mishandled by Defendants.

-4-

8.  Plaintiffs notified Defendants of discrepancies in their accounts.

9.  Defendants PITTMAN and DANZEY misrepresented to Plaintiffs that they would take care of the discrepancies and that they would thereafter properly apply payments to Plaintiffs' loan.

10.  Defendants failed or otherwise refused to adequately investigate or remedy the discrepancies and misapplication of funds.

11.  Plaintiffs repeatedly requested that Defendants provide them with a history of their loan account. Defendants persistently refused, and still refuse, to provide them with such history.

12.  At the time the incidents made the basis of this lawsuit occurred as described herein, Defendants PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS were agents, employees and/or servants of Defendant AMERIS BANK, and were acting within the line and scope of their agency and/or employment with Defendant AMERIS BANK. Defendant AMERIS BANK, as employer and principal over Defendants PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS, who were agents or employees of Defendant AMERIS BANK working within the line and scope of their agency or employment, are vicariously liable for the acts of its agents or employees under the doctrine of respondeat superior.

-5-

**Count One**
**Negligence/Wantonness/Willfulness**

1.     Plaintiffs reallege all previous allegations contained in this Complaint.

2.     Plaintiffs aver that Defendants AMERIS BANK, PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A" through "O" were negligent, wanton and/or willful in that they failed to provide reasonable and/or adequate financial banking services to Plaintiffs.

3.     Plaintiffs allege that Defendants AMERIS BANK, PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A" through "O" were negligent, wanton and/or willful in the manner of service that said Defendants provided to Plaintiffs with regard to handling the Plaintiffs' accounts, loans and  monies that Plaintiffs had entrusted with and/or through said Defendants.  Defendants, by and through its agents and/or employees, including but not limited to Defendants PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A" through "O", repeatedly failed and/or otherwise refused to adequately or reasonably hold, transfer, deliver, convey and/or otherwise account for monies, payments, funds and/or related documents delivered to Defendants by Plaintiffs for the purpose of having Defendants maintain, handle and account for said monies, payments, funds and/or relating documents, even though Defendants knew or should have known of the critical and eminent nature of reasonably and adequately maintaining, handling and accounting for the same.

-6-

4.    Defendants further negligently, wantonly and/or willfully failed to adequately and/or reasonable inform, notify and/or otherwise communicate certain material information to Plaintiffs concerning the status of Plaintiffs' loans with Defendants even though Defendants were under a duty to communicate such material information because there existed a confidential relationship and/or other special circumstances giving rise to such duty in that Defendants had either particular or special knowledge or had a means of receiving said information not shared by Plaintiffs.

5.    As a proximate result of the aforesaid negligence, wantonness and/or willfulness of the Defendants, including FICTITIOUS DEFENDANTS "A" through "O", Plaintiffs suffered damages as follows:

a.    Plaintiffs incurred substantial economic loss in paying monies and/or funds to Defendants for which Plaintiffs never received the full use and benefit;

b.    Plaintiffs incurred late fees;

c.    Plaintiffs will incur expenses necessitated by the filing of this lawsuit; and,

d.    Plaintiff CARLTON G. SUTTON has been caused to suffer anxiety, worry, humiliation, mental and emotional distress and other incidental damages.

6.    Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to Plaintiffs,

thereby depriving Plaintiffs of legal rights and entitling Plaintiffs to punitive damages against Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendants, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

## Count Two
### Fraud/Misrepresentation

1.  Plaintiffs reallege all previous allegations contained in this Complaint.

2.  Plaintiffs allege that Defendants AMERIS BANK and/or FICTITIOUS DEFENDANTS "A" through "O" are guilty of fraud and misrepresentation. The misrepresentations referred to herein were made by Defendant AMERIS BANK, by and through its employees, agents, servants or representatives, including but not limited to Defendants PITTMAN and DANZEY, acting within the line and scope of their capacity of said principal and employer, and in furtherance of the business interest of Defendants. Said misrepresentations would include, but would not necessarily be limited to, the following:

a.  that Defendants would reasonably and properly handle, maintain, oversee, protect, possess and/or otherwise account for Plaintiffs' loan; as well as the funds, monies, payments, notes, drafts and/or other documents pertaining to said

-8-

loan that Plaintiffs had with, by and through Defendant AMERIS
BANK; and,

       b.   that Defendants would act with honesty and in good
faith in and throughout the process of obtaining, maintaining,
overseeing, protecting, possessing, accounting for and/or otherwise
handling Plaintiffs' accounts and/or loans with Defendant AMERIS
BANK.

       c.   that Defendants would take care of Plaintiffs' loan
account discrepancies and would properly apply Plaintiffs' payments
to Plaintiffs' loan.

    3.   Defendants' representations were false and Defendants
knew they were false; or Defendants recklessly misrepresented the
facts without true knowledge thereof; or Defendants misrepresented
the facts by mistake but did so with the intention that Plaintiffs
rely upon them.

    4.   Plaintiffs allege that their injuries and damages were
caused as a proximate result and consequence of the intentional,
and/or reckless and/or mistaken misrepresentations made by the
Defendants, including FICTITIOUS DEFENDANTS "A" through "O" and the
Plaintiffs' reasonable and/or justifiable reliance upon these
misrepresentations.

    5.   Defendants consciously or deliberately engaged in
oppression, fraud, wantonness or malice with regard to Plaintiffs;

thereby depriving Plaintiffs of legal rights and entitling Plaintiffs to punitive damages against Defendants.

6.    Plaintiffs further aver that Defendants are guilty of conduct evidencing a pattern or practice of intentional misconduct or are guilty of conduct involving actual malice. Defendant AMERIS BANK authorized or ratified the conduct of its employees, agents, servants or representatives, including but not limited to DEFENDANTS PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A" through "O," or the acts of said persons and/or Defendants were calculated to or did benefit Defendant AMERIS BANK and/or FICTITIOUS DEFENDANTS "A" through "O."

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

<div align="center">

**Count Three**
**Suppression**

</div>

1.    Plaintiffs reallege all previous allegations contained in this Complaint.

2.    Plaintiffs aver that on numerous occasions, Defendants AMERIS BANK and/or FICTITIOUS DEFENDANTS "A" through "O", by and through its employees, agents, servants or representatives, including but not limited to Defendants PITTMAN and DANZEY, acting within the line and scope of their capacity of said principal and employer, and in furtherance of the business interest of said Defendant, suppressed material facts from Plaintiffs by and through

-10-

their misrepresentations and suppressions of material facts concerning the Plaintiffs' finances, monies, funds and/or loans with which Plaintiffs entrusted to Defendants, and which are made the basis of this lawsuit. Specifically, Defendants AMERIS BANK and/or FICTITIOUS DEFENDANTS "A" through "O" knowingly, willfully and/or wantonly suppressed from Plaintiffs the fact that Plaintiffs' monies were being applied to the wrong account.

3.    Plaintiffs aver that Defendants persistently refused to provide Plaintiffs with their loan history in an effort to conceal from Plaintiffs that their monies had been mishandled by Defendants.

4.    The failure of the Defendants to inform the Plaintiffs of the fact that Plaintiffs' finances, monies, accounts, funds and/or loans were not being adequately and/or properly handled or maintained, when the Defendants knew that said accounts, monies, finances, loans and/or funds were not being adequately maintained and/or handled, and the fact that the Defendants failed to disclose such facts to the Plaintiffs, was a suppression of material facts, which the Defendants had a duty to communicate to the Plaintiffs. The Defendants' suppression constitutes legal fraud.

5.    Plaintiffs alleges that the Defendants' actions are a violation of § 6-5-102 of the Alabama Code (1975).

6.    Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to Plaintiffs,

-11-

thereby depriving Plaintiffs of legal rights and entitling Plaintiffs to punitive damages against Defendants.

7.    Plaintiffs further aver that Defendants are guilty of conduct evidencing a pattern or practice of intentional misconduct or are guilty of conduct involving actual malice.  Defendant AMERIS BANK authorized or ratified the conduct of its agents, employees, servants and/or representatives, including but not limited to Defendants PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A" through "O", or the acts of said persons and/or Defendants were calculated to or did benefit Defendants AMERIS BANK and/or FICTITIOUS DEFENDANTS "A" through "O."

8.    Plaintiffs aver that as a direct, proximate, and foreseeable result of the Defendants' aforesaid suppression of material facts and other wrongful conduct, Plaintiffs have been damaged as previously set forth herein.

WHEREFORE, Plaintiffs demand judgment against Defendants, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

### Count Four
### Deceit

1.    Plaintiffs reallege all previous allegations contained in this Complaint.

2.    Plaintiffs aver that on numerous occasions, Defendants AMERIS BANK and/or FICTITIOUS DEFENDANTS "A" through "O", by and

-12-

through its employees, agents, servants or representatives, including but not limited to Defendants PITTMAN and DANZEY, acting within the line and scope of their capacity of said principal and employer, and in furtherance of the business interest of said Defendant, intentionally and/or willfully misrepresented material facts concerning Plaintiffs' accounts and loans obtained through the Defendants, and which are made the basis of this lawsuit. Specifically, Defendants knowingly, willfully and/or wantonly misrepresented to Plaintiffs that Defendants would reasonably and adequately handle, maintain and oversee Plaintiffs' finances, monies, accounts, funds and/or loans, when in fact Defendants failed to reasonably and/or adequately do so; Defendants knowingly, willfully and/or wantonly misrepresented to Plaintiffs that Defendants would reasonably and/or adequately maintain, oversee and otherwise handle Plaintiffs' accounts with Defendant AMERIS BANK even though Defendants were not reasonably and/or adequately doing so; Defendants knowingly, willfully and/or wantonly misrepresented to Plaintiffs that Defendants would act with honesty and in good faith in dealing with and handling, maintaining and/or servicing Plaintiffs' accounts with said Defendants; and, Defendants knowingly, willingly and/or wantonly misrepresented to Plaintiffs that Defendants would take care of Plaintiffs' loan discrepancies and would properly apply Plaintiffs' payments to Plaintiffs' loan.

-13-

3.    At the aforesaid times, the Defendants knew that they were not rightfully and/or lawfully disclosing pertinent information to Plaintiffs regarding Plaintiffs' finances, monies, accounts, funds and/or loans, and such terms thereunder, that Plaintiffs obtained through Defendants, and that they were fraudulently suppressing such information, yet nevertheless knowingly, willfully and/or recklessly deceived the Plaintiffs with the intent to cause and/or induce Plaintiffs to rely on Defendants' suppression thereby allowing Plaintiffs to incur substantial loss of monies and/or funds as a result thereof.

4.    At the aforesaid times, the Defendants asserted the aforesaid material facts as true, when they were not true, and Defendants knew the asserted facts not to be true at the time the Defendants made such assertions to Plaintiffs. At the aforesaid times, the Defendants fraudulently expressed, coerced, and misrepresented facts to the Plaintiffs concerning the Plaintiffs' finances, monies, accounts, funds, and/or loans, and which Plaintiffs obtained through Defendants and for which are made the basis of this lawsuit. Therefore, the Defendants violated §§ 6-5-103 and 6-5-104, Code of Alabama, (1975).

5.    Plaintiffs aver that Plaintiffs acted upon, and reasonably relied upon, the Defendants' misrepresentations to their detriment and that as a direct, proximate, and foreseeable result of the Defendants' aforesaid fraudulent misrepresentations and

-14-

other wrongful conduct, Plaintiffs have been damaged as previously set forth herein.

6. Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to Plaintiffs, thereby depriving Plaintiffs of legal rights and entitling Plaintiffs to punitive damages against Defendants.

7. Plaintiffs further aver that Defendants are guilty of conduct evidencing a pattern or practice of intentional misconduct or are guilty of conduct involving actual malice. Defendants AMERIS BANK, PITTMAN and DANZEY authorized or ratified the conduct of its agents, employees, servants and/or representatives, including but not limited to Defendants PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A" through "O", or the acts of said persons and/or Defendants were calculated to or did benefit Defendants AMERIS BANK and/or FICTITIOUS DEFENDANTS "A" through "O."

8. Plaintiffs aver that as a direct, proximate, and foreseeable result of the Defendants', including FICTITIOUS DEFENDANTS "A" through "O" aforesaid wrongful conduct, Plaintiffs have been damaged as previously set forth herein.

WHEREFORE, Plaintiffs demand judgment against Defendants, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

-15-

### Count Five
### Breach of Contract

1.    Plaintiffs reallege all previous allegations contained in this Complaint.

2.    Plaintiffs aver that there existed express and/or implied contracts and/or agreements between Plaintiffs and Defendant AMERIS BANK wherein for good and valuable consideration paid or otherwise tendered by Plaintiffs, Defendant contracted and/or otherwise agreed to act as agent for Plaintiffs in reasonably procuring, obtaining, handling, maintaining and/or otherwise overseeing financial accounts, loans and/or other financial services for Plaintiffs. There also existed express and/or implied contracts and/or agreements between Plaintiffs and Defendant, whereby for good and valuable consideration paid or otherwise tendered by Plaintiffs, Defendant contracted and/or agreed to reasonably and/or adequately provide and maintain current and adequate bank loans and/or other financial services to and for Plaintiffs.

3.    Plaintiffs aver that Defendant has breached said contracts and/or agreements with Plaintiffs, in that Defendant has failed to reasonably and adequately procure, obtain, handle, maintain and/or otherwise oversee bank accounts, loans and/or other financial services, as well as monies, funds, and/or terms therein, for Plaintiffs, thereby failing to perform under said express and/or implied contracts and/or agreements. Defendant has further breached said contracts and/or agreements by failing to reasonably

-16-

and/or adequately provide and maintain loans and/or other financial services, as well as monies, funds and/or terms therein to and for Plaintiffs.

4.    Said agreements and/or contracts as stated above were binding contracts between the Plaintiffs and the Defendant. Plaintiffs aver that the Defendants breached said agreements and/or contracts in that the Defendant failed to provide and/or perform adequate, reasonable and/or competent service for Plaintiffs as Plaintiffs' banker and financial banking institution.

5.    Plaintiffs aver that as a direct, proximate, and foreseeable result of the Defendant's breach of said agreements and/or contracts, Plaintiffs have been damaged as previously set forth herein.

WHEREFORE, Plaintiffs demand judgment against Defendant AMERIS BANK, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

### Count Six
### Breach of Fiduciary Duties

1.    Plaintiffs reallege all allegations contained in this Complaint as if fully set out herein.

2.    Plaintiffs allege that an express and/or implied agency relationship existed between Plaintiffs and Defendants AMERIS BANK, PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A" through "O" as its agents. Defendants AMERIS BANK, PITTMAN, DANZEY and/or FICTITIOUS

-17-

DEFENDANTS "A" through "O" were agents of, and for the Plaintiffs, and thus owed Plaintiffs fiduciary duties to fully inform, communicate, warn, and disclose material facts concerning the accounts, loans and/or funds relating thereto made the basis of this lawsuit. Defendants AMERIS BANK, PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A" through "O" further had a fiduciary duty, as sole and exclusive agents and representatives of, and for the Plaintiffs, to be completely loyal and faithful to the Plaintiffs, and to provide adequate and/or reasonable financial banking services to Plaintiffs honestly and in good faith.

3.     Plaintiffs further allege that there existed a confidential and special relationship between the Plaintiffs and Defendants AMERIS BANK, PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A" through "O" with regard to said Defendants' performance and handling of accounts, loans, financing and/or other related services for, and on behalf of, the Plaintiffs. Defendants AMERIS BANK, PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A," through "O" had special and specific knowledge of specific and material facts and circumstances concerning Plaintiffs and their need for various financial services. Defendants PITTMAN's and DANZEY's special and specific knowledge as stated above was imputed to Defendant AMERIS BANK, as Defendants PITTMAN's and DANZEY's principal and/or employer.    This confidential and special relationship between Plaintiffs and Defendants, as well as the

-18-

other special and particular circumstances stated herein, further created and imposed a fiduciary duty upon the Defendants.

4. Defendants AMERIS BANK, PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A" through "O" breached their fiduciary duties owed to the Plaintiffs with regard to their performance of financial banking services for Plaintiffs relating to the various financial accounts, lines of credit and loans, as well as related terms, monies and/or funds made the basis of this lawsuit. Specifically, Defendants AMERIS BANK, PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A" through "O", knowingly, willfully and/or wantonly breached their fiduciary duty to Plaintiffs by failing to act with honesty and in good faith with regard to the handling and management of various financial services, loans and/or funds of which Defendants made representations to Plaintiffs and which are made the basis of this lawsuit. Defendants further breached their fiduciary duty to Plaintiffs by failing to be completely loyal and faithful to the Plaintiffs, and by failing to provide services to Plaintiffs honestly and in good faith.

5. Defendants knowingly, willfully and/or wantonly breached their fiduciary duty to Plaintiffs by failing to disclose the material facts set forth above with the intent to induce the Plaintiffs to pay, entrust and/or tender monies and/or funds to Defendants for one or more loans made the basis of this lawsuit, and Plaintiffs did in fact make payments and/or otherwise tender

-19-

consideration and/or collateral to Defendants for said banking accounts and loans, as well as the services related thereto, for which Defendants failed to adequately maintain, handle, manage and/or oversee as was represented by Defendants, based on the Defendants' failure to disclose such material facts to Plaintiffs.

6.    The failure of the Defendants to inform the Plaintiffs of the fact that Plaintiffs' loan with Defendant AMERIS BANK would not be adequately or properly set up, administered, charged or otherwise handled in the same manner as was represented to Plaintiffs by Defendants, when the Defendants knew or should have known the same, and the fact that the Defendants failed to communicate and disclose such facts to the Plaintiffs, was a breach of their fiduciary duty, which the Defendants owed to the Plaintiffs.

7.    Plaintiffs aver that as a direct, proximate, and foreseeable result of the Defendants' aforesaid breach of fiduciary duties and other wrongful conduct, Plaintiffs have been damaged as previously set forth herein.

WHEREFORE, Plaintiffs demand judgment against Defendants, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

## Count Seven
## Conversion

1.    Plaintiffs reallege all allegations contained in this Complaint as if fully set out herein.

2.    Plaintiffs allege that Defendants AMERIS BANK, PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A" through "O" wrongfully converted payments, monies, funds and other valuables of the Plaintiffs from Plaintiffs' accounts and/or loans with Defendant AMERIS BANK, to and/or for their own use.

3.    Plaintiffs aver that Defendants converted such value wantonly and recklessly, in knowing violation of Plaintiffs' rights and in violation of law, and that Plaintiffs are entitled to punitive damages.

4.    At all times hereinabove mentioned, Defendants PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A" through "O" were agents of Defendant AMERIS BANK and were acting within the line and scope of their agency and actual or apparent authority.

5.    Defendants AMERIS BANK impliedly authorized or ratified the conduct of its agents, employees, servants and/or representatives, including but not limited to Defendants PITTMAN, DANZEY and/or FICTITIOUS DEFENDANTS "A" through "O", or the acts of said persons and/or Defendants were calculated to or did benefit Defendants AMERIS BANK and/or FICTITIOUS DEFENDANTS "A" through "O."

-21-

6.   At all time hereinabove mentioned, FICTITIOUS DEFENDANTS "A" through "O" were agents and/or employees of Defendants AMERIS BANK, and were acting within the line and scope of their agency and/or employment with said Defendants with actual or apparent authority.

7.   Defendants AMERIS BANK impliedly authorized or ratified the conduct of said FICTITIOUS DEFENDANTS "A" through "O" or the acts of said FICTITIOUS DEFENDANTS "A" through "O" were calculated to or did benefit said Defendants.

8.   Plaintiffs aver that as a direct, proximate, and foreseeable result of Defendants' aforesaid wanton, reckless other otherwise wrongful conversion of Plaintiffs' payments, monies, funds, collateral and other valuables, Plaintiffs have been damaged as previously set forth herein.

WHEREFORE, Plaintiffs demand judgment against Defendants, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

_____
TED TAYLOR
LEAH O. TAYLOR
Attorneys for Plaintiffs

-22-

OF COUNSEL:
TAYLOR & TAYLOR
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800 (Telephone)
(205) 558-2860 (Facsimile)
ttaylor@taylorlawyers.com
lotaylor@taylorlawyers.com

PLAINTIFFS DEMAND A TRIAL BY JURY IN THE ABOVE STYLED CAUSE.

LEAH O. TAYLOR

**FILED**

MAY 0 2 2007

Carla Woodall, Clerk
Houston County, AL

-23-

Defendants may be served by certified mail/return receipt requested as follows:

American Banking Company
c/o Its Registered Agent
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Mr. Marvin Danzey
c/o Ameris Bank
3299 Ross Clark Circle
Dothan, Alabama 36303

Mr. Harris O. Pittman, III
c/o Ameris Bank
3299 Ross Clark Circle
Dothan, Alabama 36303

-24-

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| CARLTON G. SUTTON, an individual; SUTTON CONSTRUCTION & DRYWALL SERVICES, INC., a corporation, | §<br>§<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | CIVIL ACTION NO. |
| vs. | §<br>§<br>§ | _CV-07-260ℓ_ |
| AMERICAN BANKING COMPANY, a corporation, d/b/a AMERIS BANK; MARVIN DANZEY, an individual; HARRIS O. PITTMAN, III, an individual; et al., | §<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | § | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HARRIS O. PITTMAN, III

Come Now the Plaintiffs in the above-styled cause of action and request that the Defendant HARRIS O. PITTMAN, III respond to the following request for production within forty-five (45) days as set forth in the Alabama Rules of Civil Procedure:

1.    Any and all correspondence, receipts, records, documents, memoranda, e-mail, telephone logs, memoranda and/or computer printouts which pertain in any way to Plaintiffs, CARLTON G. SUTTON and SUTTON CONSTRUCTION & DRYWALL SERVICES, INC.

2.    Any and all correspondence, records, documents, e-mails, memoranda, computer printouts or other information of whatever type or description which pertain to the incidents described in the Complaint concerning Plaintiffs.

3.    Any and all documents evidencing the relationship between Defendants AMERIS BANK and HARRIS O. PITTMAN, III.

4.    A copy of the first page of the complaint from every legal action which involves allegations of wrongdoing, similar to those pled in the Complaint that has been filed against you.

5.    All correspondence or other documents sent to Plaintiffs by this Defendant.

6.    All printable information from the computer systems of this Defendant regarding Plaintiffs.

7.    All W2's and Form 1099's from 2000 to the present date regarding your employment, including your employment with Defendant AMERIS BANK.

8.    Any and all correspondence, records, memoranda, or other documents which mention, describe or in any way refer to any complaint or allegation of misconduct on your part while employed by Defendant AMERIS BANK.

9.    All writs of garnishment or other documents evidencing debts owed by you or judgments against you.

10.    Any and all general liability insurance policies, including the declarations pages, that were in force and effect from 2000 to present and which potentially provide coverage for any act alleged in the Plaintiffs' Complaint.

11.    All documents pertaining in any way to this Defendant's dealings with the Plaintiffs concerning or relating to in any way,

-2-

the accounts, lines of credit, loans and/or the financing thereof under Plaintiffs' loans and/or accounts and other accounts that Plaintiffs had at Defendant AMERIS BANK made the basis of this lawsuit.

12.   All documents pertaining in any way to this Defendant's dealings with the Defendant AMERIS BANK, including its agents and/or employees, concerning or relating to in any way, the accounts, lines of credit and/or loans that Plaintiffs obtained through Defendant AMERIS BANK and which are made the basis of this lawsuit.

13.   All documents which indicate commission(s) or profit earned by anyone as a result of the setting up and/or financing of the accounts, lines of credit and/or loans made the basis of this lawsuit to Plaintiffs.

14.   All notes, memoranda, calender entries, computer printouts or other documents maintained by you and/or Defendant AMERIS BANK regarding the Plaintiffs and/or Plaintiffs' accounts, lines of credit or loans with Defendants AMERIS BANK.

15.   Any and all documents which demonstrate or reference any account where Plaintiffs' monies were wrongly placed.

16.   All loan manuals provided to you by AMERIS BANK.

_____
TED TAYLOR
LEAH O. TAYLOR
Attorneys for Plaintiffs

-3-

<u>OF COUNSEL:</u>
**TAYLOR & TAYLOR**
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800 (Telephone)
(205) 558-2860 (Facsimile)
<u>ttaylor@taylorlawyers.com</u>
<u>lotaylor@taylorlawyers.com</u>


PLEASE SERVE PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
UPON THE DEFENDANT HARRIS O. PITTMAN, III ALONG WITH THE SUMMONS
AND COMPLAINT FILED SIMULTANEOUSLY HEREWITH.

-4-

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| CARLTON G. SUTTON, an individual; SUTTON CONSTRUCTION & DRYWALL SERVICES, INC., a corporation, | §<br>§<br>§<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | CIVIL ACTION NO. |
| vs. | §<br>§ | CV-07-260 L |
| AMERICAN BANKING COMPANY, a corporation, d/b/a AMERIS BANK; MARVIN DANZEY, an individual; HARRIS O. PITTMAN, III, an individual; et al., | §<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | § | |

### PLAINTIFFS' FIRST INTERROGATORIES
### TO DEFENDANT HARRIS O. PITTMAN, III

Come Now the Plaintiffs, CARLTON G. SUTTON and SUTTON CONSTRUCTION & DRYWALL SERVICES, INC., and request Defendant HARRY PITTMAN to answer the following Interrogatories within the time prescribed by the Alabama Rules of Civil Procedure:

1. Please state your full name, social security number and date of birth and relationship or position with AMERICAN BANKING COMPANY d/b/a AMERIS BANK (hereinafter "AMERIS BANK").

2. State the name and address of your current employer, the dates during which you have been employed by such employer, and your current position or job title.

3. State the name and address of your previous five employers, the dates during which you were employed by such employer, your position or job title with such employer, and the reason for leaving such employment.

4.   Are you registered to vote in Houston County, Alabama?

5.   Are you a member of a church in Houston County, Alabama? If so, please state the name of the church.

6.   Do you own or lease real property in Houston County, Alabama? If so, please state the address of each such property and the date(s) you have owned or leased such property.

7.   Did you make any representations to either Plaintiff with regard to terms, rates, amounts or conditions that Defendant AMERIS BANK could, would or in fact did provide either Plaintiff concerning or relating in any way to loans and/or accounts? If so, state what representations you made to either Plaintiff and the date of each such representation.

8.   Did you represent to either Plaintiff that Defendant AMERIS BANK had improperly applied payments that had been made to their loan to another loan at the Bank? If so, state:

   (a)  the reason or reasons that the payments had been improperly applied;

   (b)  the date(s) that said payments were improperly applied to another loan; and,

   (c)  where said funds that were applied, withdrawn or otherwise taken from Plaintiffs' loan were placed.

9.   In all of your dealings with Plaintiffs CARLTON G. SUTTON and SUTTON CONSTRUCTION & DRYWALL SERVICES, INC., with regard to the accounts, loans and other financial services made the basis of

-2-

Plaintiffs' Complaint, were you acting within the line and scope of your employment with Defendant AMERIS BANK?

10.  Please state the date that Plaintiffs signed the loan documents for the loan with Defendants as described in the Complaint in this case.

11.  State whether you and/or Defendant AMERIS BANK have been subject to any internal and/or external investigations, audits, inspections, examinations or inquiries by any persons or entities from 2000 to the present regarding any matters relating in any way to banking, loan or other financial services.  If so, state:

(a)  the identity and agency of the persons and/or entities initiating, conducting and/or reporting on said investigations, audits, inspections, examinations or inquiries;

(b)  the nature and extent of said investigations, audits, inspections, examinations or inquiries;

(c)  the period(s) of time, that said investigations, audits, inspections, examinations or inquiries were conducted and/or reported on, including the date(s) said investigations, audits, inspections, examinations or inquiries first began;

(d)  whether said investigations, audits, inspections, examinations or inquiries are ongoing, or if they have ended, the date(s) that said investigations, audits, inspections, examinations or inquiries were closed or were otherwise ended; and,

-3-

(e) . whether any reports, citations, articles or other documents exists with regard to any and all investigations, audits, inspections, examinations or inquiries of you and/or Defendant AMERIS BANK, and the identity of those persons or entities who or which generated such reports, citations, articles or documents.

20. Please state the terms and conditions of the loan that Plaintiffs obtained and financed by and through Defendant AMERIS BANK as described in Plaintiff's complaint, including but not limited to interest rate, amount financed, properties used as collateral, number of years, monthly premium payment amount, existence of acceleration clauses and other terms and/or conditions.

21. For each loan of any or both Plaintiffs, please state the date payments were made on the loan that Plaintiffs obtained and financed by and through Defendant AMERIS BANK and the amount of each payment.

22. Please identify each and every person that you or your attorney has spoken to or corresponded with regarding the allegations raised in Plaintiffs' Complaint. For each such person, please provide their full name, address and telephone number.

23. Please identify any dealings or communications with Plaintiff CARLTON G. SUTTON, individually and/or doing business as Plaintiff SUTTON CONSTRUCTION & DRYWALL SERVICES, INC., involving in any manner the transactions made the basis of Plaintiffs'

-4-

complaint. For each dealing or communication, please state the date of the contacts and the substance of the communications.

24. Have you ever been a party in any lawsuit? If so, please state:

    (a)  the style of the lawsuit;

    (b)  the county in which such lawsuit was filed;

    (c)  whether you were a plaintiff or a defendant; and,

    (d)  the status of such lawsuit.

25. Please state the name, address and qualifications of every expert witness known to you, your agents, employees, investigators or attorneys whom you expect to call as an expert witness at the trial of this case.

26. As to each expert witness listed in answer to Interrogatory Number 25, please state:

    (a)  the subject matter on which the expert is expected to testify;

    (b)  the substance of the facts upon which or about which the expert is expected to testify; and,

    (c)  the substance of the opinion or opinions as to which each such expert is expected to testify and a summary of the grounds for each opinion.

27. Please state the name of each of your present and past spouses, her present address and telephone number, the date and location of each marriage, and the date of each divorce.

28.  Please state whether you have ever been convicted of a
misdemeanor or a felony and, if so, please state with regard to
each such conviction:

      (a)  the nature of the crime;

      (b)  the date of the conviction;

      (c)  the name and address of the court, including number,
street, city and state; and,

      (d)  the sentence.

29.  Please identify, giving name, address and job title, all
persons who assisted in any way in compiling or providing
information in response to any of these interrogatories.

30.  Please list the name and location of any and all
educational institutions you have attended from high school to the
present.

31.  Please state the names of any and all persons or entities
that have any knowledge of the incidents or transactions made the
basis of this lawsuit.

32.  Please state your position or positions with Defendant
AMERIS BANK from January 1, 1999 to the present and your duties and
responsibilities regarding such positions.

33.  Please state Defendant AMERIS BANK's policy or policies
with regard to handling, dealing with and/or working with its
customers who claim or assert that their accounts and/or loans have
been mishandled or are otherwise reflecting payments that have been

-6-

misapplied and if you handle such matters in accordance with such
policy or policies.

_____
TED TAYLOR
LEAH O. TAYLOR
Attorneys for Plaintiffs

OF COUNSEL:
TAYLOR & TAYLOR
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800 (Telephone)
(205) 558-2860 (Facsimile)
ttaylor@taylorlawyers.com
lotaylor@taylorlawyers.com

PLEASE SERVE PLAINTIFFS' FIRST INTERROGATORIES UPON THE DEFENDANT
HARRIS O. PITTMAN, III ALONG WITH THE SUMMONS AND COMPLAINT FILED
SIMULTANEOUSLY HEREWITH.

-7-

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

**FILED**

CARLTON G. SUTTON, an
individual; SUTTON CONSTRUCTION
& DRYWALL SERVICES, INC.,
a corporation,

    Plaintiffs,

vs.

AMERICAN BANKING COMPANY,
a corporation, d/b/a AMERIS
BANK; MARVIN DANZEY, an
individual; HARRIS O. PITTMAN,
III, an individual; et al.,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

MAY 0 2 2007

*Carla Woodall*
Carla Woodall, Clerk
Houston County, AL

CIVIL ACTION NO.

CV07-260

## NOTICE TO TAKE DEPOSITION OF HARRIS O. PITTMAN, III

PLEASE TAKE NOTICE that the Plaintiffs will take the deposition of **HARRIS O. PITTMAN, III** before a duly authorized court reporter or notary public at 1:00 p.m., on Monday, June 18, 2007, at TAYLOR & TAYLOR, 2130 Highland Avenue, Birmingham, Alabama 35205. Said deposition will continue from day to day thereafter until completed. You are invited to attend and cross-examine if you so desire.

Deponent is hereby requested to provide the following documents on or before the date of deposition:

1.    Any and all correspondence, receipts, records, documents, memoranda, e-mail, telephone logs, memoranda and/or computer printouts which pertain in any way to Plaintiffs, CARLTON G. SUTTON and SUTTON CONSTRUCTION & DRYWALL SERVICES, INC.

2.    Any and all correspondence, records, documents, e-mails, memoranda, computer printouts or other information of whatever type or description which pertain to the incidents described in the Complaint concerning Plaintiffs.

3.    Any and all documents evidencing the relationship between Defendants AMERIS BANK and HARRIS O. PITTMAN, III.

4.    A copy of the first page of the complaint from every legal action which involves allegations of wrongdoing, similar to those pled in the Complaint that has been filed against you.

5.    All correspondence or other documents sent to Plaintiffs by this Defendant.

6.    All printable information from the computer systems of this Defendant regarding Plaintiffs.

7.    All W2's and Form 1099's from 2000 to the present date regarding your employment, including your employment with Defendant AMERIS BANK.

8.    Any and all correspondence, records, memoranda, or other documents which mention, describe or in any way refer to any complaint or allegation of misconduct on your part while employed by Defendant AMERIS BANK.

9.    All writs of garnishment or other documents evidencing debts owed by you or judgments against you.

10.    Any and all general liability insurance policies, including the declarations pages, that were in force and effect

from 2000 to present and which potentially provide coverage for any act alleged in the Plaintiffs' Complaint.

11. All documents pertaining in any way to this Defendant's dealings with the Plaintiffs concerning or relating to in any way, the accounts, lines of credit, loans and/or the financing thereof under Plaintiffs' loans and/or accounts and other accounts that Plaintiffs had at Defendant AMERIS BANK made the basis of this lawsuit.

12. All documents pertaining in any way to this Defendant's dealings with the Defendant AMERIS BANK, including its agents and/or employees, concerning or relating to in any way, the accounts, lines of credit and/or loans that Plaintiffs obtained through Defendant AMERIS BANK and which are made the basis of this lawsuit.

13. All documents which indicate commission(s) or profit earned by anyone as a result of the setting up and/or financing of the accounts, lines of credit and/or loans made the basis of this lawsuit to Plaintiffs.

14. All notes, memoranda, calender entries, computer printouts or other documents maintained by you and/or Defendant AMERIS BANK regarding the Plaintiffs and/or Plaintiffs' accounts, lines of credit or loans with Defendant AMERIS BANK.

15. Any and all documents which demonstrate or reference any account where Plaintiffs' monies were wrongly placed.

-3-

16.  All loan manuals provided to you by AMERIS BANK.

_____

TED TAYLOR
LEAH O. TAYLOR
Attorneys for Plaintiffs


OF COUNSEL:
TAYLOR & TAYLOR
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800 (Telephone)
(205) 558-2860 (Facsimile)
ttaylor@taylorlawyers.com
lotaylor@taylorlawyers.com


PLEASE SERVE DEFENDANT HARRIS O. PITTMAN, III WITH PLAINTIFFS'
NOTICE OF DEPOSITION FOR HARRIS O. PITTMAN, III ALONG WITH THE
SUMMONS AND COMPLAINT FILED SIMULTANEOUSLY HEREWITH.

-4-

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| CARLTON G. SUTTON, an<br>Individual; SUTTON CONSTRUCTION<br>& DRYWALL SERVICES, INC.,<br>a corporation, | *<br>*<br>*<br>*<br>* |
| PLAINTIFFS, | *<br>* |
| VS. | *<br>*    CASE NO. CV 2007-260-L |
| AMERICAN BANKING COMPANY,<br>d/b/a AMERIS BANK, a corporation;<br>MARVIN DANZEY, an individual;<br>HARRIS O. PITTMAN, III, an individual,<br>et als. | *<br>*<br>*<br>*<br>*<br>* |
| DEFENDANTS. | *<br>* |

## <u>ENTRY OF APPEARANCE</u>

COMES NOW William L. Lee, III and William L. Lee, IV, LEE & McINISH, P.C. and enters their appearance as co-counsel for Plaintiffs in the above entitled action.


WILLIAM L. LEE, III      (LEE007)


WILLIAM L. LEE, IV      (LEE037)


OF COUNSEL:

**LEE & McINISH**
Co-Counsel for Plaintiffs
Post Office Box 1665
Dothan, Alabama 36302
(334) 792-4156 (Telephone)
(334) 794-8342 (Facsimile)
wlee3@leeandmcinish.com
wlee4@leeandmcinish.com

OF COUNSEL:

Ted Taylor
Leah O. Taylor
Attorneys for Plaintiffs
**TAYLOR & TAYLOR**
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800 (Telephone)
(205) 558-2860 (Facsimile)
ttaylor@taylorlawyers.com
lotaylor@taylorlawyers.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing pleading upon the below listed counsel of record by placing the same in the United States Mail with adequate postage affixed thereto.

American Banking Company
c/o Its Registered Agent
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Mr. Marvin Danzey
c/o Ameris Bank
3299 Ross Clark Circle
Dothan, Alabama 36303

Mr. Harris O. Pittman, III
c/o Ameris Bank
3299 Ross Clark Circle
Dothan, Alabama 36303

Dated: May ___18___, 2007.

Of Counsel

## ALABAMA SJIS CASE DETAIL

**Company Name: GRAY & ASSOCIATES, L.L.C.**                     **PREPARED FOR: REBECCA GRAY**



County: **38**      Case Number: **CV 2007 000260 00**      Court Action:

Style: **CARLTON G SUTTON ET ALS VS AMERICAN BANKING COMPANY ET ALS**

### Case

#### Case Information

| | |
|---|---|
| County: | 38 - HOUSTON |
| Case Number: | CV 2007 000260 00 |
| JID: | CLL C. LAWSON LITTLE |
| Trial: | J |
| Style: | CARLTON G SUTTON ET ALS VS AMERICAN BANKING COMPANY ET ALS |
| Filed: | 05/02/2007 |

#### Case Type

| | |
|---|---|
| Code: | TBFM |
| Type: | FRAUD/BAD FAITH |
| Track | |
| Status: | A |
| Plaintiffs: | 002 |
| Defendants: | 003 |

#### Court Action

| | |
|---|---|
| DJID: | |
| Court Action: | |
| Judgment For: | |
| Trial days: | 0 |
| Lien: | 0 |

#### Damages

| | |
|---|---|
| Amount: | $0.00 |
| Compensatory: | $0.00 |
| Punitive: | $0.00 |
| General: | $0.00 |
| None: | |

#### Other Actions

| | | | | |
|---|---|---|---|---|
| Con Date: | | Cont #: | | Why: |
| RevJmt: | | Admin Date: | | Why: |
| Appeal Date: | | Court: | | Case: |
| Mistrial: | | | | |
| TBNV2: | | DSDT: | | DTYP: |

#### Comments

Comment 1:
Comment 2:

### Settings

#### Court Dates

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 1: | | | - | |
| 2: | | | - | |
| 3: | | | - | |
| 4: | | | - | |

### Party 1 - C 001 - SUTTON CARLTON G AN INDIVIDUALLY

#### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | C 001 | Name: | SUTTON CARLTON G AN INDIVIDUALLY | | | Type: | B Business |
| Index: | Y | Alt Name: | | | | JID: | CLL |
| SSN: | | DOB: | | Sex: | | Race: | |
| Address 1: | | | | Address 2: | | | |
| Phone: | 334 | City: | | State: | AL | Zip: | 00000-0000 | Country: | US |
| Dock: | | Notice: | | Entered: | | | |

#### Attorneys

| | | | | | |
|---|---|---|---|---|---|
| Attorney 1: | TAY012 | Name: | TAYLOR TED | City: BIRMINGHAM | State: AL |



DEFENDANT'S
EXHIBIT
2

| Attorney 2: | TAY013 | Name: | TAYLOR LEAH O | | | City: | BIRMINGHAM | State: | AL |
| Attorney 3: | LEE007 | Name: | LEE WILLIAM L III | | | City: | DOTHAN | State: | AL |
| Attorney 4: | LEE037 | Name: | LEE WILLIAM LOVARD IV | | | City: | DOTHAN | State: | AL |
| Attorney 5: | | Name: | | | | City: | | State: | |
| Attorney 6: | | Name: | | | | City: | | State: | |

## Service Information

| Issued: | | | Relssue: | | Type: | |
| Return: | Type: | | Return: | | Type: | |
| Service: | Type: | | Service On: | | By: | |
| Answer: | Type: | | NS Not: | | NA Not: | |
| Warrant | Type: | | Arrest: | | | |

## Court Action

| CACT: | | Date: | | For | | Exempt: | |
| Amount: | $0.00 | Cost: | $0.00 | Other: | $0.00 | Satisfied: | |
| Comment: | | | | | | | |

### Party 2 - C 002 - SUTTON CONSTRUCTION AND DRYWALL SERVICES INC

## Party Information

| Party: | C 002 | Name: | SUTTON CONSTRUCTION AND DRYWALL SERVICES INC | | | Type: | B Business |
| Index: | Y | Alt Name: | | | | JID: | CLL |
| SSN: | | DOB: | | Sex: | | Race: | |
| Address 1: | A CORPORATION | | | Address 2: | | | |
| Phone: | 334 | City: | | State: | AL | Zip: | 00000-0000 | Country: | US |
| Dock: | | Notice: | | Entered: | | | |

## Attorneys

| Attorney 1: | TAY012 | Name: | TAYLOR TED | | | City: | BIRMINGHAM | State: | AL |
| Attorney 2: | TAY013 | Name: | TAYLOR LEAH O | | | City: | BIRMINGHAM | State: | AL |
| Attorney 3: | | Name: | | | | City: | | State: | |
| Attorney 4: | | Name: | | | | City: | | State: | |
| Attorney 5: | | Name: | | | | City: | | State: | |
| Attorney 6: | | Name: | | | | City: | | State: | |

## Service Information

| Issued: | | | Relssue: | | Type: | |
| Return: | Type: | | Return: | | Type: | |
| Service: | Type: | | Service On: | | By: | |
| Answer: | Type: | | NS Not: | | NA Not: | |
| Warrant | Type: | | Arrest: | | | |

## Court Action

| CACT: | | Date: | | For | | Exempt: | |
| Amount: | $0.00 | Cost: | $0.00 | Other: | $0.00 | Satisfied: | |
| Comment: | | | | | | | |

### Party 3 - D 001 - AMERICAN BANKING COMPANY DBA AMERIS BANK A CORP

## Party Information

| | | | |
|---|---|---|---|
| Party: | D 001 | Name: | AMERICAN BANKING COMPANY DBA AMERIS BANK A CORP | Type: | B Business |

| | | | | |
|---|---|---|---|---|
| Party: | D 001 | Name: AMERICAN BANKING COMPANY DBA AMERIS BANK A CORP | | Type: | B Business |
| Index: | Y | Alt Name: | | JID: | CLL |
| SSN: | | DOB: | Sex: | Race: | |
| Address 1: | % THE CORP CO | SUITE 204 | Address 2: | 2000 INTERSTATE PARK DR | |
| Phone: | 334 | City: MONTGOMERY | State: AL | Zip: 36109-0000 | Country: US |
| Dock: | | Notice: | Entered: | | |

## Attorneys

| | | | |
|---|---|---|---|
| Attorney 1: | Name: | City: | State: |
| Attorney 2: | Name: | City: | State: |
| Attorney 3: | Name: | City: | State: |
| Attorney 4: | Name: | City: | State: |
| Attorney 5: | Name: | City: | State: |
| Attorney 6: | Name: | City: | State: |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | 05/09/2007 | Type: C Certified mail | Reissue: | | Type: |
| Return: | | Type: | Return: | | Type: |
| Service: | 05/11/2007 | Type: C Certified Mail | Service On: | | By: |
| Answer: | | Type: | NS Not: | | NA Not: |
| Warrant: | | Type: | Arrest: | | |

## Court Action

| | | | |
|---|---|---|---|
| CACT: | Date: | For | Exempt: |
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

### Party 4 - D 002 - DANZEY MARVIN AN INDIVIDUALLY

## Party Information

| | | | | |
|---|---|---|---|---|
| Party: | D 002 | Name: DANZEY MARVIN AN INDIVIDUALLY | | Type: | I Individual |
| Index: | Y | Alt Name: | | JID: | CLL |
| SSN: | | DOB: | Sex: | Race: | |
| Address 1: | % AMERIS BANK | | Address 2: | 3299 ROSS CLARK CIRCLE | |
| Phone: | 334 | City: DOTHAN | State: AL | Zip: 36303-0000 | Country: US |
| Dock: | | Notice: | Entered: | | |

## Attorneys

| | | | |
|---|---|---|---|
| Attorney 1: | Name: | City: | State: |
| Attorney 2: | Name: | City: | State: |
| Attorney 3: | Name: | City: | State: |
| Attorney 4: | Name: | City: | State: |
| Attorney 5: | Name: | City: | State: |
| Attorney 6: | Name: | City: | State: |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | 05/09/2007 | Type: C Certified mail | Reissue: | | Type: |
| Return: | | Type: | Return: | | Type: |
| Service: | 05/14/2007 | Type: C Certified Mail | Service On: | | By: |
| Answer: | | Type: | NS Not: | | NA Not: |
| Warrant: | | Type: | Arrest: | | |

### Court Action

| | | | |
|---|---|---|---|
| CACT: | Date: | For | Exempt: |
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

## Party 5 - D 003 - PITTMAN HARRIS O III AN INDIVIDUALLY

### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D 003 | Name: | PITTMAN HARRIS O III AN INDIVIDUALLY | Type: | I Individual |
| Index: | Y | Alt Name: | | JID: | CLL |
| SSN: | | DOB: | | Sex: | Race: |
| Address 1: | % AMERIS BANK | | Address 2: 3299 ROSS CLARK CIRCLE | | |
| Phone: | 334 | City: DOTHAN | State: AL | Zip: 36303-0000 | Country: US |
| Dock: | | Notice: | Entered: | | |

### Attorneys

| | | | | |
|---|---|---|---|---|
| Attorney 1: | Name: | | City: | State: |
| Attorney 2: | Name: | | City: | State: |
| Attorney 3: | Name: | | City: | State: |
| Attorney 4: | Name: | | City: | State: |
| Attorney 5: | Name: | | City: | State: |
| Attorney 6: | Name: | | City: | State: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: 05/09/2007 | Type: C Certified mail | Reissue: | Type: |
| Return: | Type: | Return: | Type: |
| Service: 05/14/2007 | Type: C Certified Mail | Service On: | By: |
| Answer: | Type: | NS Not: | NA Not: |
| Warrant | Type: | Arrest: | |

### Court Action

| | | | |
|---|---|---|---|
| CACT: | Date: | For | Exempt: |
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

## Case Action Summary - 38CV200700026000

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 05/09/2007 | 3:01:57 | FILE | FILED THIS DATE: 05/02/2007     (AV01) | LIL |
| 05/09/2007 | 3:01:58 | ASSJ | ASSIGNED TO JUDGE: C. LAWSON LITTLE     (AV01) | LIL |
| 05/09/2007 | 3:01:59 | SCAN | CASE SCANNED STATUS SET TO: N     (AV01) | LIL |
| 05/09/2007 | 3:02:00 | TDMJ | JURY TRIAL REQUESTED     (AV01) | LIL |
| 05/09/2007 | 3:02:01 | STAT | CASE ASSIGNED STATUS OF: ACTIVE     (AV01) | LIL |
| 05/09/2007 | 3:02:02 | ORIG | ORIGIN: INITIAL FILING     (AV01) | LIL |
| 05/09/2007 | 3:07:36 | PART | SUTTON CARLTON G AN INDIVIDUALLY ADDED AS C001 | LIL |
| 05/09/2007 | 3:07:37 | ATTY | LISTED AS ATTORNEY FOR C001: TAYLOR LEAH O  (AV02) | LIL |
| 05/09/2007 | 3:07:38 | ATTY | LISTED AS ATTORNEY FOR C001: TAYLOR TED  (AV02) | LIL |
| 05/09/2007 | 3:08:57 | PART | SUTTON CONSTRUCTION AND DRYWALL SERVICES INC ADDED | LIL |
| 05/09/2007 | 3:08:58 | ATTY | LISTED AS ATTORNEY FOR C002: TAYLOR TED  (AV02) | LIL |
| 05/09/2007 | 3:08:59 | ATTY | LISTED AS ATTORNEY FOR C002: TAYLOR LEAH O  (AV02) | LIL |
| 05/09/2007 | 3:12:10 | PART | AMERICAN BANKING COMPANY DBA AMERIS BANK A CORP AD | LIL |
| 05/09/2007 | 3:12:11 | SUMM | CERTIFIED MAI ISSUED: 05/09/2007 TO D001  (AV02) | LIL |
| 05/09/2007 | 3:13:42 | PART | DANZEY MARVIN AN INDIVIDUALLY ADDED AS D002  (AV02) | LIL |
| 05/09/2007 | 3:13:43 | SUMM | CERTIFIED MAI ISSUED: 05/09/2007 TO D002  (AV02) | LIL |
| 05/09/2007 | 3:15:19 | PART | PITTMAN HARRIS O III AN INDIVIDUALLY ADDED AS D003 | LIL |

| 05/09/2007 | 3:15:20 | SUMM | CERTIFIED MAI ISSUED: 05/09/2007 TO D003   (AV02) | LIL |
| 05/09/2007 | 3:15:58 | CASP | CASE ACTION SUMMARY PRINTED           (AV02) | LIL |
| 05/14/2007 | 9:08:46 | COST | COST BILL PREPARED FOR C001 | LIL |
| 05/14/2007 | 9:08:53 | TRAN | TRANSMITTAL NOTICE    SENT TO ALL ATTORNEYS | LIL |
| 05/18/2007 | 3:54:17 | ATTY | LISTED AS ATTORNEY FOR C001: LEE WILLIAM L III | COB |
| 05/18/2007 | 3:54:18 | ATTY | LISTED AS ATTORNEY FOR C001: LEE WILLIAM LOVARD I | COB |
| 05/18/2007 | 3:54:52 | TEXT | PLTF'S ATTYS, WILLIAM L LEE, III AND WILLIAM L | COB |
| 05/18/2007 | 3:54:53 | TEXT | LEE, IV'S ENTRY OF APPEAR | COB |
| 05/23/2007 | 9:30:22 | JEORDE | ORDER E-FILED. | CLL |
| 05/23/2007 | 9:30:22 | ETXT | ORDER E-FILED. | AJA |
| 05/23/2007 | 10:04:00 | JEORDE | ORDER - TRANSMITTAL | CLL |
| 05/23/2007 | 10:04:00 | ETXT | ORDER - TRANSMITTAL | AJA |
| 05/23/2007 | 2:44:28 | TRAN | TRANSMITTAL NOTICE    SENT TO PLAINTIFF ATTORNEY | COB |
| 05/23/2007 | 2:44:38 | SERC | SERVICE OF CERTIFIED MAI ON 05/11/2007 FOR D001 | COB |
| 05/23/2007 | 2:45:14 | SERC | SERVICE OF CERTIFIED MAI ON 05/14/2007 FOR D002 | COB |
| 05/23/2007 | 2:45:31 | SERC | SERVICE OF CERTIFIED MAI ON 05/14/2007 FOR D003 | COB |

 **END OF THE REPORT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA** RECEIVED

CARLTON G. SUTTON,                              )
SUTTON CONSTRUCTION &                           )          2007 JUN -6  A 10: 29
DRYWALL SERVICES, INC.,                         )
                                                )            DEBRA P. HACKETT, CLK
          Plaintiffs,                           )            U.S. DISTRICT COURT
                                                )            MIDDLE DISTRICT ALA
v.                                              )          Case No. CV-07- 1:07-CV-497-WKW
                                                )
AMERIS BANKING COMPANY d/b/a                    )
AMERIS BANK, MARVIN DANZEY,                     )
HARRIS O. PITTMAN, III,                         )
                                                )
          Defendants.                           )
                                                )

## AFFIDAVIT OF CINDI LEWIS

Before me, the undersigned authority, personally appeared Cindi Lewis, known to

me, and first being duly sworn under oath, says as follows:

    1.     My name is Cindi Lewis.  I am over the age of nineteen and suffering

from no known legal or mental disability.

    2.     I make this Affidavit based on my own personal knowledge.

    3.     I am Executive Vice President and Chief Administrative Officer for

Ameris Bank.

    4.     Ameris Bank is incorporated in Georgia.

    5.     Ameris Bank's principal place of business is in Moultrie, Georgia.

Further, the Affiant saith not.

1



DEFENDANT'S
EXHIBIT
3

**STATE OF GEORGIA**                    )
**COLQUITT COUNTY**                    )

*Cindi Lewis,* EVP & CAO

CINDI LEWIS

SWORN TO and subscribed before me on this the 1st day of June, 2007.

*Patricia R Gay*

NOTARY PUBLIC
My Commission Expires: *July 7, 2008*

(SEAL)

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2007 JUN -6  A 10: 29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CARLTON G. SUTTON,           )
SUTTON CONSTRUCTION &        )
DRYWALL SERVICES, INC.,      )
                             )
        Plaintiffs,          )
                             )
v.                           )     Case No. CV-07- 1:07-CV-497-WKW
                             )
AMERIS BANKING COMPANY d/b/a )
AMERIS BANK, MARVIN DANZEY,  )
HARRIS O. PITTMAN, III,      )
                             )
        Defendants.          )
                             )

## AFFIDAVIT OF MARVIN DANZEY

Before me, the undersigned authority, personally appeared Marvin Danzey, known to me, and first being duly sworn under oath, says as follows:

1.     My name is Marvin Danzey.  I am over the age of nineteen and suffering from no known legal or mental disability.

2.     I make this Affidavit based on my own personal knowledge.

3.     I am an accounts collector for Ameris Bank.  I did not start working for Ameris Bank until August, 2004.

4.     As a collector, I am provided with a delinquency list of customers with overdue payments.  My sole job is to call the individuals on the delinquency list and to attempt to collect the payment due.

5.     In my dealings with Carlton Sutton I have never made any representations such as how I would "handle, maintain, or oversee" any of his accounts.  Indeed, I have no role in handling, maintaining or overseeing *any* accounts at Ameris Bank.  The only

1



DEFENDANT'S
EXHIBIT
4

contact I had with Sutton was when I would call him on the telephone to tell him when a loan payment was past due. I most certainly never told Sutton that I would do any specific task or matter without intending to do it.

6.    When I would speak with Sutton, I would tell him the exact amount that the delinquency list showed was due. Sutton would bring me the amount discussed. I would then turn the payments over to loan operations for application to the accounts Mr. Sutton was paying.

7.    Sutton never had any discussion regarding any alleged "discrepancies" on his accounts with me. He never complained to me about my work, his accounts, or Ameris Bank. He has never requested that I give him a copy of a loan history.

8.    As a collector, I know nothing about the details of loan accounts other than the information provided to me on the delinquency lists. I certainly know nothing about any alleged discrepancies on Sutton's account or Sutton Construction & Drywall Services, Inc.'s accounts. I have nothing to do with the management or handling of Sutton's or Sutton Construction & Drywall Services, Inc.'s accounts. I have no knowledge of any alleged misapplication or mishandling of Sutton's or Sutton Construction & Drywall Services, Inc.'s accounts. To the best of my knowledge all payments received from Mr. Sutton were applied exactly as Mr. Sutton requested.

Further, the Affiant saith not.

STATE OF ~~GEORGIA~~ ALABAMA    )
_____ COUNTY            )

_____
MARVIN DANZEY

2

SWORN TO and subscribed before me on this the _4_ day of _June_, 2007.

_Mary Robin Lewis_
NOTARY PUBLIC

My Commission Expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Feb 13, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

(SEAL)

3

**IN THE UNITED STATES DISTRICT COURT** RECEIVED
**FOR THE MIDDLE DISTRICT OF ALABAMA**

2007 JUN -6 A 10: 29

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CARLTON G. SUTTON,　　　　　　　　　)
SUTTON CONSTRUCTION &　　　　　　　)
DRYWALL SERVICES, INC.,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Plaintiffs,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　Case No. CV-07- 1:07-cv-497-WKW
　　　　　　　　　　　　　　　　　　　)
AMERIS BANKING COMPANY d/b/a　　　)
AMERIS BANK, MARVIN DANZEY,　　　 )
HARRIS O. PITTMAN, III,　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)

## AFFIDAVIT OF HARRIS O. PITTMAN, III

Before me, the undersigned authority, personally appeared Harris O. Pittman, III, known to me, and first being duly sworn under oath, says as follows:

1.　My name is Harris Obed Pittman, III. I am over the age of nineteen and suffering from no known legal or mental disability.

2.　I make this Affidavit based on my own personal knowledge.

3.　I am currently the President of Ameris Bank in Dothan, Alabama.

4.　My job as President is to oversee all of the functions of the bank. In doing so, I hire a staff of officers that oversee certain areas of the bank. This includes loans, deposits, operations, compliance, security, as well as other functions that are deemed necessary in the day to day running of the bank. The officers hire their own staff to help maintain their particular areas of the bank. The branch managers in the various Ameris bank locations are part of the officers' staffs.

1

**DEFENDANT'S EXHIBIT 5**

5.     Carlton G. Sutton currently has one outstanding loan with Ameris Bank in the amount of $223,557.15.  This is a cash loan and does not involve the receipt or payment of rare coins or otherwise identifiable "earmarked" money.

6.     I have never met with Carlton G. Sutton with regard to a loan to Sutton Construction & Drywall Services, Inc, or to Mr. Sutton himself. I was not involved in selling, authorizing, or otherwise engaging in the initial decisions to make loans to either Carlton Sutton or Sutton Construction & Drywall Services, Inc.

7.     My limited role was in the approval of the renewal of one of Plaintiffs' loans in 2004 and approving the consolidation of Plaintiffs' loans, in 2005.  My duties at Ameris Bank do not involve accounting or any matters specifically related to the handling of or application of funds to Sutton's or Sutton Construction & Drywall Services, Inc.'s loans.  Customers who have concerns regarding payments or payment history are directed to loan operations where such inquiries are investigated.

8.     I have had very limited contact with Sutton and know that I have never made any representations regarding how anyone at Ameris Bank would handle his finances.  I have never had any discussion with him or heard any complaint from Sutton that anyone at Ameris bank was mishandling or misapplying his or his business's funds. Mr. Sutton has never given any money on payments of his loans to me, nor has he ever discussed any details of his loans with me.

9.     Sutton has never requested that I give him a history of loan payments. Any customer can go to any Ameris bank office and request a history of their loan.  I have no knowledge of Mr. Sutton ever being denied any request for documents at any of the Ameris Bank locations.  Since commencement of this lawsuit, I have personally

2

reviewed the loan histories for Sutton and Sutton Construction & Drywall Services, Inc. and have found no discrepancies or irregularities.

      10.    I have never made any agreement with Mr. Sutton of any kind. Mr. Sutton has never asked me to specifically do anything. The only written documents or agreements that I am aware of are the loan documents that Mr. Sutton signed.

      11.    I simply know of no facts that would support an allegation that there has been any misapplication or mishandling of Sutton's or Sutton Construction & Drywall Services, Inc.'s funds by myself, Marvin Danzey, or Ameris Bank.

      Further, the Affiant saith not.

ALABAMA
STATE OF ~~GEORGIA~~         )
_____ COUNTY   )

                                          _____
                                          **HARRIS O. PITTMAN, III**

SWORN TO and subscribed before me on this the  4  day of  June , 2007.

                                                 _____
NOTARY PUBLIC          NOTARY PUBLIC STATE OF ALABAMA AT LARGE
                                  MY COMMISSION EXPIRES: Feb 13, 2008
My Commission Expires: BONDED THRU NOTARY PUBLIC UNDERWRITERS

(SEAL)

3

| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| 3580005091-112 | Carlton G Sutton | | 01/28/05 | JG |
| NOTE AMOUNT | INDEX (w/Margin) | RATE | MATURITY DATE | LOAN PURPOSE |
| $223,557.15 | Not Applicable | 6.000% | 05/28/05 | Commercial |
| | | Creditor Use Only | | |

## PROMISSORY NOTE
(Commercial - Single Advance - Fixed Rate)

**DATE AND PARTIES.** The date of this Promissory Note (Note) is January 28, 2005. The parties and their addresses are:

LENDER:
    SOUTHLAND BANK
    3299 Ross Clark Circle NW
    Dothan, Alabama  36303
    Telephone:  (334) 671-4000



DEFENDANT'S EXHIBIT 6

BORROWER:
    CARLTON G SUTTON
    P O Box 397
    Ariton, Alabama 36311

1. **DEFINITIONS.** As used in this Note, the terms have the following meanings:

    **A. Pronouns.** The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Note. "You" and "Your" refer to the Lender, with its participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan.

    **B. Note.** Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.

    **C. Loan.** Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.

    **D. Property.** Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.

    **E. Percent.** Rates and rate change limitations are expressed as annualized percentages.

2. **REFINANCING.** This Note will pay off the following described note(s):

| Note Date | Note Number | Note Amount |
|---|---|---|
| November 5, 2002 | # 3580005864-101 | $70,120.00 |
| December 5, 2003 | # 3580005924-102 | $79,468.28 |
| April 29, 2004 | # 3580005091-111 | $76,035.57 |

The remaining balance of all notes listed in the table above is $223,127.15.

3. **PROMISE TO PAY.** For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, the principal sum of **$223,557.15 (Principal)** plus interest from January 28, 2005 on the unpaid Principal balance until this Note matures or this obligation is accelerated.

4. **INTEREST.** Interest will accrue on the unpaid Principal balance of this Note at the rate of 6.000 percent (Interest Rate).

    **A. Interest After Default.** If you declare a default under the terms of this Loan, including for failure to pay in full at maturity, you may increase the Interest Rate otherwise payable as described in this section. In such event, interest will accrue on the unpaid Principal balance of this Note at 18.000 percent until paid in full.

    **B. Maximum Interest Amount.** Any amount assessed or collected as interest under the terms of this Note or obligation will be limited to the Maximum Lawful Amount of interest allowed by state or federal law. Amounts collected in excess of the Maximum Lawful Amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

    **C. Statutory Authority.** The amount assessed or collected on this Note is authorized by the Alabama usury laws under Ala. Code, title 8 chapt. 8.

    **D. Accrual.** During the scheduled term of this Loan interest accrues using an Actual/360 days counting method.

5. **ADDITIONAL CHARGES.** As additional consideration, I agree to pay, or have paid, these additional fees and charges.

    **A. Refundable Fees and Charges.** Some or all of the following fees may be refunded if I pay this Note in full before the scheduled maturity date.

        **Interest Surcharge.** I agree to pay a refundable interest surcharge fee of $125.00. This fee will be  withheld from the proceeds. If I prepay in full by any means within 90 days of the date of this Note you will refund or credit me with a pro rata portion of the interest surcharge, except that you may retain a minimum of $25.00. If this Note is prepaid in full after 90 days, the interest surcharge is fully earned and will not be refunded.

    **B. Nonrefundable Fees and Charges.** The following fees are earned when collected and will not be refunded if I prepay this Note before the scheduled maturity date.

        **Loan Origination.** A(n) Loan Origination fee of $305.00 payable from the loan proceeds.

6. **REMEDIAL CHARGES.** In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Note.

**A. Late Charge.** If a payment is more than 10 days late, I will be charged 5.000 percent of the Unpaid Portion of Payment or $5.00, whichever is greater. However, this charge will not be greater than $100.00. I will pay this late charge promptly but only once for each late payment.

**B. Returned Check Charge.** I agree to pay a fee not to exceed $29.00 for each check, negotiable order of withdrawal or draft I issue in connection with this Loan that is returned because it has been dishonored.

**7. PAYMENT.** I agree to pay this Note on demand, but if no demand is made, I agree to pay this Note in a single payment of all unpaid Principal and accrued interest on May 28, 2005.

Payments will be rounded to the nearest $.01. With the final payment I also agree to pay any additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

**8. PREPAYMENT.** I may prepay this Loan under the following terms and conditions. This loan may be subject to a $150.00 prepayment fee. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

**9. LOAN PURPOSE.** The purpose of this Loan is consolidate loans.

**10. SECURITY.** This Loan is secured by separate security instruments prepared together with this Note as follows:

| Document Name | Parties to Document |
|---|---|
| Mortgage - 2nd Mtg 98 Lee Road, Opelika, Mtg Dated 12-11-02 Mtg Rec 01/09/03 Mtg Bk 2932 Pgs 255-261 filed w/Lee County JOP | Carlton Sutton |
| Mortgage - 3rd Mtg 32 W. Main, Ariton, Mtg Dated 01/4/02 Mtg Rec 01/15/02 Mtg Bk 351 Pgs 60-65 filed w/Dale County JOP | Carlton Sutton |
| Mortgage - 2nd Mtg on 32 W. Main, Ariton, Mtg Dated 12/10/01 Mtg Rec 01/14/02 Mtg Bk 350 Pgs 793-799 filed w/Dale County JOP | Carlton Sutton |
| Security Agreement - Carlton Sutton | Carlton Sutton |

**11. DEFAULT.** I understand that you may demand payment anytime at your discretion. For example, you may demand payment in full if any of the following occur:

**A. Payments.** I fail to make a payment in full when due.

**B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me or any co-signer, endorser, surety or guarantor of this Note or any other obligations I have with you.

**C. Death or Incompetency.** I die or am declared legally incompetent.

**D. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Note.

**E. Other Documents.** A default occurs under the terms of any other transaction document.

**F. Other Agreements.** I am in default on any other debt or agreement I have with you.

**G. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

**H. Judgment.** I fail to satisfy or appeal any judgment against me.

**I. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

**J. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

**K. Property Transfer.** I transfer all or a substantial part of my money or property.

**L. Property Value.** The value of the Property declines or is impaired.

**M. Insecurity.** You reasonably believe that you are insecure.

**12. DUE ON SALE.** You may, at your option, declare the entire balance of this Note to be immediately due and payable upon the creation of, or contract for the creation of, any transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable.

**13. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

**A. Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

(1) You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

(2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

(3) You may release, substitute or impair any Property securing this Note.

(4) You, or any institution participating in this Note, may invoke your right of set-off.

(5) You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

(6) I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

**B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Note, or other Loan documents, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**14. REMEDIES.** After I default, and after you give any legally required notice and opportunity to cure the default, you may at your option do any one or more of the following.

©1996 Bankers Systems, Inc., St. Cloud, MN Experes™

A. **Acceleration.** You may make all or any part of the amount owing by the terms of this Note immediately due.

B. **Sources.** You may use any and all remedies you have under state or federal law or in any instrument securing this Note.

C. **Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

D. **Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and may be added to the balance owing under the terms of this Note, and accrue interest at the highest post-maturity interest rate.

E. **Attachment.** You may attach or garnish my wages or earnings.

F. **Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Note against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Note" means the total amount to which you are entitled to demand payment under the terms of this Note at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay this Note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

G. **Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You will not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**15. COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Note. Expenses include, but are not limited to, attorneys' fees, court costs and other legal expenses. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the highest interest rate in effect as provided for in the terms of this Note. All fees and expenses will be secured by the Property I have granted to you, if any. To the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees you incur to collect this Debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

**16. COMMISSIONS.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**17. WARRANTIES AND REPRESENTATIONS.** I have the right and authority to enter into this Note. The execution and delivery of this Note will not violate any agreement governing me or to which I am a party.

**18. INSURANCE.** I agree to obtain the insurance described in this Loan Agreement.

A. **Property Insurance.** I will insure or retain insurance coverage on the Property and abide by the insurance requirements of any security instrument securing this Loan.

B. **Flood Insurance.** Flood insurance is not required at this time. It may be required in the future should the property be included in an updated flood plain map. If required in the future, I may obtain flood insurance from anyone I want that is reasonably acceptable to you.

C. **Insurance Warranties.** I agree to purchase any insurance coverages that are required, in the amounts you require, as described in this or any other documents I sign for this Loan. I will provide you with continuing proof of coverage. I will buy or provide insurance from a firm licensed to do business in the State where the Property is located. If I buy or provide the insurance from someone other than you, the firm will be reasonably acceptable to you. I will have the insurance company name you as loss payee on any insurance policy. You will apply the insurance proceeds toward what I owe you on the outstanding balance. I agree that if the insurance proceeds do not cover the amounts I still owe you, I will pay the difference. I will keep the insurance until all debts secured by this agreement are paid. If I want to buy the insurance from you, I have signed a separate statement agreeing to this purchase.

**19. APPLICABLE LAW.** This Note is governed by the laws of Alabama, the United States of America and to the extent required, by the laws of the jurisdiction where the Property is located.

**20. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay this Loan is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone else who is obligated on this Loan, or any number of us together, to collect this Loan. Extending this Loan or new obligations under this Loan, will not affect my duty under this Loan and I will still be obligated to pay this Loan. The duties and benefits of this Loan will bind and benefit the successors and assigns of you and me.

**21. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by you and me. This Note is the complete and final expression of the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable.

**22. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

**23. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one party will be deemed to be notice to all parties. I will inform you in writing of any change in my name, address or other application information. I will provide you any financial statement or information you request. All financial statements and information I give you will be correct and complete. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

**24. CREDIT INFORMATION.** I agree to supply you with whatever information you reasonably request. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

**25. ERRORS AND OMISSIONS.** I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between



you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

**26. SIGNATURES.** By signing under seal, I agree to the terms contained in this Note. I also acknowledge receipt of a copy of this Note.

BORROWER:

_____ (Seal)
Carlton G Sutton
Individually

LENDER:

Southland Bank

By _____ (Seal)
Jerry Gulledge, Loan Officer/Branch Manager

# SECURITY AGREEMENT

**DATE AND PARTIES.** The date of this Security Agreement (Agreement) is January 28, 2005. The parties and their addresses are:

**SECURED PARTY:**
SOUTHLAND BANK
3299 Ross Clark Circle NW
Dothan, Alabama 36303

**DEBTOR:**
CARLTON G SUTTON
P O Box 397
Ariton, Alabama 36311

The pronouns "you" and "your" refer to the Secured Party. The pronouns "I", "me" and "my" refer to each person or entity signing this Agreement as Debtor and agreeing to give the Property described in this Agreement as security for the Secured Debts.

**1. SECURED DEBTS.** This Agreement will secure the following Secured Debts:

**A. Specific Debts.** The following debts and all extensions, renewals, refinancings, modifications and replacements. A promissory note or other agreement, No. 3580005091-112, dated January 28, 2005, from me to you, in the amount of $223,557.15.

**B. All Debts.** All present and future debts from me to you, even if this Agreement is not specifically referenced, the future debts are also secured by other collateral, or if the future debt is unrelated to or of a different type than this debt. If more than one person signs this Agreement, each agrees that it will secure debts incurred either individually or with others who may not sign this Agreement. Nothing in this Agreement constitutes a commitment to make additional or future loans or advances. Any such commitment must be in writing.

This Agreement will not secure any debt for which you fail to give any required notice of the right of rescission. This Agreement will not secure any debt for which a non-possessory, non-purchase money security interest is created in "household goods" in connection with a "consumer loan," as those terms are defined by federal law governing unfair and deceptive credit practices.

**C. Sums Advanced.** All sums advanced and expenses incurred by you under the terms of this Agreement.

**2. SECURITY INTEREST.** To secure the payment and performance of the Secured Debts, I give you a security interest in all of the Property described in this Agreement that I own or have sufficient rights in which to transfer an interest, now or in the future, wherever the Property is or will be located, and all proceeds and products from the Property (including, but not limited to, all parts, accessories, repairs, replacements, improvements, and accessions to the Property). Property is all the collateral given as security for the Secured Debts and described in this Agreement, and includes all obligations that support the payment or performance of the Property. "Proceeds" includes anything acquired upon the sale, lease, license, exchange, or other disposition of the Property; any rights and claims arising from the Property; and any collections and distributions on account of the Property.

Property also includes any original evidence of title or ownership whether evidenced by a certificate of title or ownership, a manufacturer's statement of origin or other document when the Property is titled under any federal or state law. I will deliver the title documents and properly execute all title documents as necessary to reflect your security interest.

This Agreement remains in effect until terminated in writing, even if the Secured Debts are paid and you are no longer obligated to advance funds to me under any loan or credit agreement.

**3. PROPERTY DESCRIPTION.** The Property is described as follows:

**A. Accounts and Other Rights to Payment.** All rights I have now or in the future to payments including, but not limited to, payment for property or services sold, leased, rented, licensed, or assigned, whether or not I have earned such payment by performance. This includes any rights and interests (including all liens and security interests) which I may have by law or agreement against any Account Debtor or obligor of mine.

**B. Motor Vehicle, Mobile Home, Sport Craft, or Trailer.** A Motor Vehicle of Make: FORD, Year: 1995, Model: F150 XLT, VIN: 1FTEF15N65NB35794.

**C. Specific Property.** Ucc-1 Dated 12/30/03 File# B-03-1111672-FS, Ucc-1 Dated 11/20/03 File# B-02-0938596-FS, and Ucc-1 Dated 01/23/04 File# B-02-0938596-FS filed w/ Secretary of State

**4. WARRANTIES AND REPRESENTATIONS.** I have the right and authority to enter into this Agreement. The execution and delivery of this Agreement will not violate any agreement governing me or to which I am a party. My principal residence is located in Alabama. I will provide you with at least 30 days notice prior to any change in my name or principal residence location.

**A. Ownership of Property.** I represent that I own all of the Property. Your claim to the Property is ahead of the claims of any other creditor, except as disclosed in writing to you prior to any advance on the Secured Debts. I represent that I am the original owner of the Property and, if I am not, that I have provided you with a list of prior owners of the Property.

**5. DUTIES TOWARD PROPERTY.**

**A. Protection of Secured Party's Interest.** I will defend the Property against any other claim. I agree to do whatever you require to protect your security interest and to keep your claim in the Property ahead of the claims of other creditors. I will not do anything to harm your position.

I will keep books, records and accounts about the Property and my business in general. I will let you examine these and make copies at any reasonable time. I will prepare any report or accounting you request which deals with the Property.

**B. Use, Location, and Protection of the Property.** I will keep the Property in my possession and in good repair. I will use it only for commercial purposes. I will not change this specified use without your prior written consent. You have the right of reasonable access to inspect the Property and I will immediately inform you of any loss or damage to the Property. I will not cause or permit waste to the Property.

I will keep the Property at my address listed in the DATE AND PARTIES section unless we agree I may keep it at another location. If the Property is to be used in other states, I will give you a list of those states. The location of the Property is given to aid in the identification of the Property. It does not in any way limit the scope of the security interest granted to



you. I will notify you in writing and obtain your prior written consent to any change in location of any of the Property. I will not use the Property in violation of any law. I will notify you in writing prior to any change in my name or address.

Until the Secured Debts are fully paid and this Agreement is terminated, I will not grant a security interest in any of the Property without your prior written consent. I will pay all taxes and assessments levied or assessed against me or the Property and provide timely proof of payment of these taxes and assessments upon request.

**C. Selling, Leasing or Encumbering the Property.** I will not sell, offer to sell, lease, or otherwise transfer or encumber the Property without your prior written permission. Any disposition of the Property contrary to this Agreement will violate your rights. Your permission to sell the Property may be reasonably withheld without regard to the creditworthiness of any buyer or transferee. I will not permit the Property to be the subject of any court order affecting my rights to the Property in any action by anyone other than you. If the Property includes chattel paper or instruments, either as original collateral or as proceeds of the Property, I will note your security interest on the face of the chattel paper or instruments.

**D. Additional Duties Specific to Accounts.** I will not settle any Account for less than its full value without your written permission. Until you tell me otherwise, I will collect all Accounts in the ordinary course of business. I will not dispose of the Accounts by assignment without your prior written consent. I will keep the proceeds from all the Accounts and any goods which are returned to me or which I take back. I will not commingle them with any of my other property. I will deliver the Accounts to you at your request. If you ask me to pay you the full price on any returned items or items retaken by me, I will do so. I will make no material change in the terms of any Account, and I will give you any statements, reports, certificates, lists of Account Debtors (showing names, addresses and amounts owing), invoices applicable to each Account, and other data in any way pertaining to the Accounts as you may request.

**E. Additional Duties Specific to Motor Vehicles, Sport Craft, or Trailers.** So long as I am not in default under this Agreement, the Motor Vehicle, Sport Craft, or Trailer portion of the Property will not be restricted to a specific location and may be moved as necessary during ordinary use. However, they may not be removed from the United States or Canada without your prior written consent, nor taken out of state permanently.

**6. INSURANCE.** I agree to keep the Property insured against the risks reasonably associated with the Property. I will maintain this insurance in the amounts you require. This insurance will last until the Property is released from this Agreement. I may choose the insurance company, subject to your approval, which will not be unreasonably withheld.

I will have the insurance company name you as loss payee on any insurance policy. I will give you and the insurance company immediate notice of any loss. You may apply the insurance proceeds toward what is owed on the Secured Debts. You may require added security as a condition of permitting any insurance proceeds to be used to repair or replace the Property.

If you acquire the Property in damaged condition, my right to any insurance policies and proceeds will pass to you to the extent of the Secured Debts.

I will immediately notify you of cancellation or termination of insurance. If I fail to keep the Property insured, you may obtain insurance to protect your interest in the Property. This insurance may include coverages not originally required of me, may be written by a company other than one I would choose, and may be written at a higher rate than I could obtain if I purchased the insurance.

**7. COLLECTION RIGHTS OF THE SECURED PARTY.** Account Debtor means the person who is obligated on an account, chattel paper, or general intangible. I authorize you to notify my Account Debtors of your security interest and to deal with the Account Debtors' obligations at your discretion. You may enforce the obligations of an Account Debtor, exercising any of my rights with respect to the Account Debtors' obligations to make payment or otherwise render performance to me, including the enforcement of any security interest that secures such obligations. You may apply proceeds received from the Account Debtors to the Secured Debts or you may release such proceeds to me.

I specifically and irrevocably authorize you to exercise any of the following powers at my expense, without limitation, until the Secured Debts are paid in full:

    **A.** demand payment and enforce collection from any Account Debtor or Obligor by suit or otherwise.

    **B.** enforce any security interest, lien or encumbrance given to secure the payment or performance of any Account Debtor or any obligation constituting Property.

    **C.** file proofs of claim or similar documents in the event of bankruptcy, insolvency or death of any person obligated as an Account Debtor.

    **D.** compromise, release, extend, or exchange any indebtedness of an Account Debtor.

    **E.** take control of any proceeds of the Account Debtors' obligations and any returned or repossessed goods.

    **F.** endorse all payments by any Account Debtor which may come into your possession as payable to me.

    **G.** deal in all respects as the holder and owner of the Account Debtors' obligations.

**8. AUTHORITY TO PERFORM.** I authorize you to do anything you deem reasonably necessary to protect the Property, and perfect and continue your security interest in the Property. If I fail to perform any of my duties under this Agreement or any other security interest, you are authorized, without notice to me, to perform the duties or cause them to be performed.

These authorizations include, but are not limited to, permission to:

    **A.** pay and discharge taxes, liens, security interests or other encumbrances at any time levied or placed on the Property.

    **B.** pay any rents or other charges under any lease affecting the Property.

    **C.** order and pay for the repair, maintenance and preservation of the Property.

    **D.** sign, when permitted by law, and file any financing statements on my behalf and pay for filing and recording fees pertaining to the Property.

    **E.** place a note on any chattel paper indicating your interest in the Property.

    **F.** take any action you feel necessary to realize on the Property, including performing any part of a contract or endorsing it in my name.

    **G.** handle any suits or other proceedings involving the Property in my name.

    **H.** prepare, file, and sign my name to any necessary reports or accountings.

    **I.** make an entry on my books and records showing the existence of this Agreement.

    **J.** notify any Account Debtor of your interest in the Property and tell the Account Debtor to make payments to you or someone else you name.

If you perform for me, you will use reasonable care. Reasonable care will not include: any steps necessary to preserve rights against prior parties; the duty to send notices, perform services or take any other action in connection with the management of the Property; or the duty to protect, preserve or maintain any security interest given to others by me or other parties. Your authorization to perform for me will not create an obligation to perform and your failure to perform will not preclude you from exercising any other rights under the law or this Agreement.



If you come into actual or constructive possession of the Property, you will preserve and protect the Property. For purposes of this paragraph, you will be in actual possession of the Property only when you have physical, immediate and exclusive control over the Property and you have affirmatively accepted that control. You will be in constructive possession of the Property only when you have both the power and the intent to exercise control over the Property.

**9. DEFAULT.** I will be in default if any of the following occur:

**A. Payments.** I fail to make a payment in full when due.

**B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me, Obligor, or any co-signer, endorser, surety or guarantor of this Agreement or any other obligations Obligor has with you.

**C. Death or Incompetency.** I die or am declared legally incompetent.

**D. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Agreement.

**E. Other Documents.** A default occurs under the terms of any other transaction document.

**F. Other Agreements.** I am in default on any other debt or agreement I have with you.

**G. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

**H. Judgment.** I fail to satisfy or appeal any judgment against me.

**I. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

**J. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

**K. Property Transfer.** I transfer all or a substantial part of my money or property.

**L. Property Value.** The value of the Property declines or is impaired.

**M. Insecurity.** You reasonably believe that you are insecure.

**10. REMEDIES.** After I default, and after you give any legally required notice and opportunity to cure the default, you may at your option do any one or more of the following.

**A. Acceleration.** You may make all or any part of the amount owing by the terms of the Secured Debts immediately due.

**B. Sources.** You may use any and all remedies you have under state or federal law or in any instrument evidencing or pertaining to the Secured Debts.

**C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

**D. Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and may be added to the Secured Debts.

**E. Attachment.** You may attach or garnish my wages or earnings.

**F. Assembly of Property.** You may require me to gather the Property and make it available to you in a reasonable fashion.

**G. Repossession.** You may repossess the Property so long as the repossession does not involve a breach of the peace. You may sell the Property as provided by law. You may apply what you receive from the sale of the Property to your expenses, your attorneys' fees and legal expenses (where not prohibited by law), and any debt I owe you. If what you receive from the sale of the Property does not satisfy the debt, I will be liable for the deficiency (where permitted by law). In some cases, you may keep the Property to satisfy the debt.

Where a notice is required, I agree that ten days prior written notice sent by first class mail to my address listed in this Agreement will be reasonable notice to me under the Alabama Uniform Commercial Code. If the Property is perishable or threatens to decline speedily in value, you may, without notice to me, dispose of any or all of the Property in a commercially reasonable manner at my expense following any commercially reasonable preparation or processing.

If any items not otherwise subject to this Agreement are contained in the Property when you take possession, you may hold these items for me at my risk and you will not be liable for taking possession of them.

**H. Use and Operation.** You may enter upon my premises and take possession of all or any part of my property for the purpose of preserving the Property or its value, so long as you do not breach the peace. You may use and operate my property for the length of time you feel is necessary to protect your interest, all without payment or compensation to me.

**I. Waiver.** By choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**11. WAIVER OF CLAIMS.** I waive all claims for loss or damage caused by your acts or omissions where you acted reasonably and in good faith.

**12. PERFECTION OF SECURITY INTEREST.** I authorize you to file a financing statement covering the Property. I will comply with, facilitate, and otherwise assist you in connection with obtaining perfection or control over the Property for purposes of perfecting your security interest under the Uniform Commercial Code. I agree to pay all actual costs of terminating your security interest.

**13. APPLICABLE LAW.** This Agreement is governed by the laws of Alabama, the United States of America and to the extent required, by the laws of the jurisdiction where the Property is located. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Alabama, unless otherwise required by law.

**14. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** Each Debtor's obligations under this Agreement are independent of the obligations of any other Debtor. You may sue each Debtor individually or together with any other Debtor. You may release any part of the Property and I will still be obligated under this Agreement for the remaining Property. The duties and benefits of this Agreement will bind and benefit the successors and assigns of you and me.

**15. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Agreement may not be amended or modified by oral agreement. No amendment or modification of this Agreement is effective unless made in writing and executed by you and me. This Agreement is the complete and final expression of the understanding between you and me. If any provision of this Agreement is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable.

**16. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Agreement.

**17. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES



section, or to any other address designated in writing. Notice to one party will be deemed to be notice to all parties. I will inform you in writing of any change in my name, address or other application information. I will provide you any financial statement or information you request. All financial statements and information I give you will be correct and complete. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Agreement and to confirm your lien status on any Property. Time is of the essence.

**SIGNATURES.** By signing under seal, I agree to the terms contained in this Agreement. I also acknowledge receipt of a copy of this Agreement.

DEBTOR:

_____ (Seal)
Carlton G Sutton
Individually

SECURED PARTY:
Southland Bank

By _____ (Seal)
Jerry Gulledge, Loan Officer/Branch Manager

---

Carlton G Sutton
Alabama Security Agreement
AL/4XXRobinl0081510000455802701270SY                    ©1996 Bankers Systems, Inc., St. Cloud, MN Experta                    Initials _____
                                                                                                                            Page 4