IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CARLTON G. SUTTON,<br>SUTTON CONSTRUCTION &<br>DRYWALL SERVICES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIS BANKING COMPANY d/b/a<br>AMERIS BANK, MARVIN DANZEY,<br>HARRIS O. PITTMAN, III,<br><br>Defendants. | Case No. 1:07cv497-MHT-TFM |

## SUPPLEMENT TO MEMORANDUM OF LAW IN NOTICE OF REMOVAL

COME NOW Defendants Ameris Banking Co., Marvin Danzey, and Harris O. Pittman, III, by and through their undersigned counsel, and hereby SUPPLEMENT their memorandum brief of law as contained in their Notice of Removal and state as follows:

1. Plaintiffs have filed suit against Defendant Ameris Bank and have joined the individual bank employees Danzey and Pittman to defeat diversity jurisdiction. This joinder is fraudulent. Neither Danzey nor Pittman has entered into a contract with the Plaintiffs. The Plaintiffs' only contract is the promissory note which he has with Ameris Bank regarding an account in excess of $223,000 as set forth in the promissory note attached to these Defendants' previous submission as Exhibit "5."

2. The $223,000 balance does not include amounts that Plaintiffs seek to recover in the form of punitive damages, which may, of course, be considered in addition to the amount sought to be recovered in compensatory damages when determining the amount in controversy. *See*, *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1532,

1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered."). The $223,000 balance further does not include the amounts that Plaintiffs claim in the form of mental anguish and/or emotional distress as part of their compensatory damages.

3. The Plaintiffs are represented by Ted and Leah Taylor of the Birmingham firm of Taylor & Taylor, a very prominent and exceptionally gifted plaintiffs' firm which has gained a widely known reputation for seeking and frequently obtaining millions of dollars in punitive damages.

4. Additionally, Plaintiffs have yet to stipulate that they seek less than the jurisdictional minimum of this Court.[1] As this Court has recently noted, a plaintiff's failure to stipulate that he will not seek more than $75,000 in damages will weigh as evidence in favor of removal. *Alexander v. Captain D's, LLC*, 437 F. Supp. 2d 1320, 1323 (M.D. Ala. 2006).

5. The United States Court of Appeals for the Eleventh Circuit recently decided the case of *Lowry v. Alabama Power*, 483 F.3d 1184 (11th Cir. 2007), which discusses the standard required for determining the amount in controversy following a party's notice of removal. Where a complaint fails to explicitly state that the plaintiff seeks an amount in excess of the jurisdictional minimum for the Federal Court, the Federal District Court must determine if the removing party has shown in its Notice of Removal, by a preponderance of the evidence, that the jurisdictional minimum has been met. *Lowry*, 483 F.3d at 1210. In *Lowry*, the removing party offered *no evidence* to support the notice of removal, and the Eleventh Circuit Court of Appeals affirmed the

---

[1] These Defendants respectfully request opposing counsel to make such a stipulation in its responsive brief if Plaintiffs in fact seek to limit their recovery to less than the jurisdictional minimum.

2

Northern District of Alabama's decision to remand the matter. *Id.* In contrast, the removing parties in the instant case have attached a copy of the Plaintiff Carlton Sutton's promissory note to the Notice of Removal which shows that there is at least $223,000 in controversy.

6. These Defendants respectfully request opposing counsel to stipulate that the amount in controversy does not exceed $75,000, or to waive the issue of jurisdictional amounts so as to assist this Honorable Court.

7. Finally, in summary, Plaintiffs' fraud and various state law claims against the individual defendants fail as a matter of law and those fraudulently joined parties should be dismissed.

    a. **Fraud & Suppression:** Plaintiffs' fraud and suppression claims fail in every aspect and element to plead fraud with particularity as required by both the Alabama and the Federal Rules of Civil Procedure. A fraud "pleading must show time, place and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained." *Smith v. National Sec. Ins. Co.* 860 So. 2d 343, 346-47 (Ala. 2003) (citing the comments to Rule 9 of the Alabama Rules of Civil Procedure, which is identical to Rule 9 of the Federal Rules of Civil Procedure). Further, "Federal Rule of Civil Procedure 9(b) requires a plaintiff in pleading fraud to distinguish among defendants and specify their respective role in the alleged fraud." *McAllister Towing & Transp. Co., Inc. v. Thorn's Diesel Service, Inc.*, 131 F.Supp.2d 1296, 1302 (M.D. Ala. 2001). Plaintiffs have failed to state time, place, content or substance of the alleged misrepresentations, the facts, or to identify what had been obtained.

Additionally, Plaintiffs have failed to distinguish between any allegedly culpable party; instead, Plaintiffs treat the individual defendants just as if they were the fictitious defendants, the only difference being that Plaintiffs happen to know the actual names of Messrs. Danzey and Pittman. For these reasons, Plaintiffs fraud claims must be dismissed.

    b.    **Various State Law Claims:** In addition, Defendants' offer no basis upon which liability by Defendants Pittman or Danzey, both of whom are known and disclosed agents of the bank, might be personally liable for any damages arising from the Plaintiffs' loan agreement with the bank. Neither Danzey nor Pittman owe the Plaintiffs any duty outside or apart from terms of an actual loan agreement that was entered into between Ameris Bank and the Plaintiffs. *See*, *Cahaba Seafood, Inc., v. Central Bank of the South*, 567 So. 2d 1304 (Ala. 1990) (holding that a bank owes a borrower no duty outside the terms of a loan agreement); *Faith, Hope and Love, Inc. v. First Alabama Bank of Talladega County, N.A.*, 496 So. 2d 708, 711 (Ala. 1986) (holding that no fiduciary duty exists in a debtor-creditor relationship). Plaintiffs cannot recover for any alleged agreement or promise by either non-diverse Defendant Danzey or Pittman separate or apart from the written terms of the Plaintiffs' written loan agreement. *Holman v. Childersburg Bancorporation, Inc.*, 852 So. 2d 691, 699 (Ala. 2002) (holding that the Statute of Frauds would be meaningless if a Plaintiff were allowed to circumvent the statute by pleading his or her case in tort); *Bruce v. Cole*, 854 So. 2d 47, 58 (Ala. 2003) (same). As they concede that Pittman and Danzey were agents of the Bank, the Plaintiffs clearly may not bring

4

a contract action against Pittman or Danzey personally. *Mobile Ins., Inc. v. Smith*, 441 So. 2d 894, 897 (Ala. 1983). Furthermore, a debtor cannot state a claim for conversion of his money against his creditor where the money entrusted to the bank was not "earmarked" or otherwise specifically identifiable. *Lewis v. Fowler*, 479 So. 2d 725 (Ala. 1985) (holding that where there is no obligation to return identical money, a debtor's action for conversion against his creditor for funds representing the indebtedness will not lie). Clearly, there is no duty owed by the agents of the bank to the Plaintiff debtor separate or apart from the terms of the actual loan agreement that Plaintiffs have entered *with the bank*, not with the individual Defendants, and no basis for imposing liability upon those individual non-diverse Defendants that have wrongly been included in the Plaintiffs' Complaint.

WHEREFORE, these Defendants reaffirm their notice of removal and respectfully submit that the individual Defendants have been fraudulently joined and that the subject amount in controversy exceeds the jurisdictional minimum of this Court.

        Respectfully Submitted,

        /s/ William P. Gray, Jr.
        WILLIAM P. GRAY, JR. (ASB-5268-R78W)
        DOUGLAS N. ROBERTSON (ASB-1128-O76R)
        Attorneys for Ameris Bank, Marvin Danzey, and
        Harris O. Pittman, III

OF COUNSEL:
GRAY & ASSOCIATES, L.L.C.
3800 Colonnade Parkway, Suite 545
Birmingham, Alabama  35243
Telephone:  (205) 968-0900

## **CERTIFICATE OF SERVICE**

I certify that on the 27th day of June 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Leah Taylor, Esq.
Ted Taylor, Esq.
Taylor & Taylor
2130 Highland Avenue
Birmingham, Alabama  35205-4002

Will Lee, Esq.
Bill Lee, Esq.
Lee & McInish, P.C.
P.O. Box 1665
Dothan, Alabama  36302

/s/ William P. Gray, Jr.
Of Counsel