IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARLTON G. SUTTON and | § | |
| SUTTON CONSTRUCTION & | § | |
| DRYWALL SERVICES, INC., | § | |
| a corporation, | § | |
| | § | |
|     Plaintiffs, | § | CIVIL ACTION NO. |
| | § | |
| vs. | § | 1:07cv497-MHT |
| | § | |
| AMERICAN BANKING COMPANY | § | |
| d/b/a Ameris Bank, a | § | |
| corporation; MARVIN DANZEY; | § | |
| and HARRIS O. PITTMAN, III, | § | |
| et al., | § | |
| | § | |
|     Defendants. | § | |

### PLAINTIFFS' MOTION TO REMAND

COME NOW the Plaintiffs, Carlton G. Sutton and Sutton Construction & Drywall Services, Inc., and move this Court pursuant to 28 U.S.C. § 1447(c) for an order remanding this cause to the Circuit Court of Houston County, Alabama.  In support thereof, Plaintiffs state as follows:

### Procedural Background

•**The State Court Complaint**

Plaintiffs, Carlton G. Sutton and Sutton Construction & Drywall Services, Inc., filed the complaint in this case on May 9, 2007, in the Circuit Court of Houston County, Alabama, against Defendants American Banking Company d/b/a Ameris Bank (hereinafter "Ameris Bank"), Marvin Danzey, Harris O. Pittman, III and several fictitious defendants.  Plaintiffs' complaint asserted various

claims against Ameris Bank, Danzey and Pittman arising out of the handling of certain loans for their construction business. Plaintiffs' complaint contains additional fraud and suppression counts against Defendants Danzey and Pittman.

•**The Notice of Removal**

On June 6, 2007, Defendants removed this action from state court alleging diversity of citizenship. Plaintiff Carlton G. Sutton is a resident and citizen of the State of Alabama. Plaintiff Sutton Construction & Drywall Services, Inc., is an Alabama corporation. Defendant Ameris Bank contends that it is a Georgia corporation with its principal place of business in Moultrie, Georgia. Defendant Marvin Danzey is a resident and citizen of Alabama. Danzey is an employee of Ameris Bank who made false representations to Plaintiffs. Defendant Harris O. Pittman, III is a resident and citizen of Alabama. Pittman is the President of Ameris Bank in Dothan, Alabama, and also made false representations to Plaintiffs. Defendants' alleged basis for diversity jurisdiction is that the non-diverse Defendants Danzey and Pittman were fraudulently joined as defendants in the case.[1]

---

[1]Defendants Danzey and Pittman also joined with their notice of removal a motion to dismiss. Plaintiffs have filed a motion to stay resolution of this motion until there has been a determination on this motion to remand.

2

**<u>Legal Standard</u>**

Whether a case may be removed is a question of federal law to be decided by the federal court.  The removal statutes are to be strictly construed against removal; doubts as to the removability of an action are to be resolved against removal and resolved in favor of remanding the case to the state court.  <u>Diaz v. Sheppard</u>, 85 F.3d 1502, 1505 (11th Cir. 1996).  *See also* <u>Jerido v. American General Life & Accident Ins. Co.</u>, 127 F.Supp.2d 1322, 1324 (M.D. Ala. 2001)("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").  Furthermore, the federal court must "evaluate all of the factual allegations in the light most favorable to the plaintiff." <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997).  The district court should "resolve all questions of fact and controlling law in favor of the plaintiff...." <u>Id</u>.

Federal courts are courts of limited jurisdiction, and removal of a state court claim can only be had under certain circumstances. Subject matter jurisdiction based on diversity of citizenship exists in civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).  Diversity jurisdiction requires complete diversity between named plaintiffs and defendants.

Whitlock v. Jackson National Life Insurance Co., 32 F.Supp.2d 1286 (M.D. Ala. 1998).

**Argument**

This case should be remanded to the Circuit Court of Houston County, Alabama.   The amount in controversy requirement for diversity jurisdiction is not satisfied.   There is also no diversity jurisdiction because Defendants Danzey and Pittman are Alabama residents.   The facts alleged in Plaintiffs' complaint state arguable causes of action under Alabama law against Defendants Danzey and Pittman.

**I    The Amount in Controversy Requirement for Diversity Jurisdiction Is Not Satisfied.**

Diversity jurisdiction exists where the suit is between citizens of different States and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000.  28 U.S.C. § 1332(a).  The removing party bears the burden of establishing that the amount in controversy requirement of diversity jurisdiction is met. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 n.4 (11th Cir. 1998); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994).  "Where, as here, a plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  "When the complaint does not claim a specific amount of damages, removal from

4

state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Id. This court must determine the propriety of removal on the basis of the "limited universe of evidence available when the motion to remand is filed" in accordance with the scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c). Lowery v. Alabama Power Co., 483 F.3d 1184, 1213-14 (11th Cir. 2007).

Plaintiffs' complaint in this case claims an unspecified amount of compensatory and punitive damages. Defendants' Notice of Removal states that the amount in controversy is satisfied in this case because Plaintiffs' loans with Ameris Bank total in excess of $223,000. Defendants further state that the amount in controversy is satisfied because there have been other similar Alabama cases in the same context that have exceeded $75,000. (Notice of Removal, pp. 17-18).

The "total" amount of Plaintiffs' loans alone is insufficient to satisfy the amount in controversy. Defendants misconstrue the relief requested by the Plaintiffs. The gist of Plaintiffs' complaint is that Defendants misapplied or otherwise mishandled payments made on the loan. Nowhere in the complaint, most noticeably in the allegations of breach of contract, do Plaintiffs request a refund of the totality of the loan. See Johnny Jackson v. Peoples South Bank, Case No. 2:06-cv-21-WKW, Memorandum Opinion and Order dated 6/27/07 (attached as Exhibit A).

5

Defendants also cite other Alabama cases as evidence that the amount in controversy exceeds $75,000. References to other cases that have resulted in awards greater than $75,000 are insufficient to establish that the amount involved in *this case* exceeds the jurisdictional amount. The Eleventh Circuit recently ruled such evidence speculative, doubting whether "[evidence regarding the value of other tort claims] is ever of much use in establishing the value of claims in any one particular lawsuit." <u>Lowery</u>, 483 F.3d at 1221.[2] The <u>Lowery</u> court explained why outside evidence of jury verdicts from other tort cases is insufficient:

> As such, the evidence is not of the sort contemplated by § 1446(b).... [W]e question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit.... [T]he facts regarding other cases tell us nothing about the value of the claims in this lawsuit.... [W]e cannot possibly ascertain how similar the current action is to those the defendants cite.

483 F.2d at 1221. See also <u>Nimrod v. America Merchants Life Ins. Co.</u>, 190 F.Supp.2d 1282, 1283 (M.D. Ala. 2002)("Some general assertion that fraud and bad-faith claims in other cases have resulted in awards greater than $75,000 does not help the court in determining whether or not the specific facts in the instant case would result in such an award.").

---

[2]Although the jurisdictional amount at issue in Lowery was the $5,000,000 required for the removal of a "mass action" under the Class Action Fairness Act of 2005 and not the $75,000 required by 28 U.S.C. §§ 1441 and 1332(a), the principles of law and the legal analysis are the same.

The evidence submitted by the Defendants in this case is just the sort the Eleventh Circuit directed the district courts to ignore.  See <u>Lowery</u>, 483 F.3d at 1221.  Defendants have not offered <u>any</u> admissible proof regarding the amount in controversy *in this case*.  Therefore, Defendants failed to meet their burden of proving that the amount in controversy requirement is satisfied.  As a result, Defendants have failed to establish that this Court has jurisdiction over this action, and the case must be remanded to the state court.  See also <u>Carswell v. Sears, Roebuck & Co.</u>, 2007 U.S. Dist. LEXIS 42693 (M.D. Ala., June 12, 2007)(attached as Exhibit B); <u>Buford Flowers v. Priority Healthcare Pharmacy, Inc.</u>, 2007 U.S. Dist LEXIS 34688 (S.D. Ala., May 10, 2007)(attached as Exhibit C).

## II.  Plaintiffs Have Stated Colorable Claims against Defendants Harris O. Pittman, III and Marvin Danzey.

Finally, even if the amount in controversy could be satisfied, no basis for fraudulent joinder exists in this case.  Plaintiffs state valid claims against Harris O. Pittman, III and Marvin Danzey.  The issue is not whether the Plaintiffs ultimately will prevail against these individual Defendants.  Instead, the test is whether there is any *possibility* that a state court could find that the Plaintiffs' Complaint states *a* cause of action against Pittman and Danzey.  Tested against that standard, Plaintiffs clearly state a valid claim, and remand is required.

The burden on the removing party to prove fraudulent joinder is a "heavy one."  <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir.

7

1997). To satisfy their heavy burden of proving fraudulent joinder, Defendants must show either (1) there is no possibility that plaintiff can establish a cause of action against the resident defendant; or (2) that plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Defendants do not suggest that Plaintiffs have fraudulently pled jurisdictional facts. The only issue is whether there is a possibility that Plaintiffs can establish a cause of action against Defendants Pittman and Danzey. Specifically, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." Id. Stated another way, "[w]here a plaintiff states even a colorable claim against a resident defendant, joinder of that defendant is not fraudulent and the case should be remanded to state court." Pacheco De Perez v. AT&T Co., 139 F.2d 1368, 1380 (11th Cir. 1998).

8

It is clearly not enough for the Defendants to assert defenses and seek a determination that those defenses absolve it from liability. Defendants must establish that there is no possibility under state law for Plaintiffs to recover. A defendant must assert with particularity that a joinder is fraudulent and support the claim by clear and convincing evidence. <u>Bolling v. Union National Life Insurance Co</u>., 900 F. Supp. 400 (M.D. Ala. 1995); <u>Howard Griggs Trucking, Inc. v. American Central Insurance Co.</u>, 894 F. Supp. 1503 (M.D. Ala. 1995).

Under well-established Alabama law, Plaintiffs have stated a "colorable" cause of action for fraudulent misrepresentation or suppression of pertinent information against Defendants Pittman and Danzey. Plaintiffs allege in their Complaint that:

> 6.    Plaintiffs properly made payments on said loan.

> 7.    Plaintiffs aver that monies which they paid toward their loan were misapplied or otherwise mishandled by Defendants.

> 8.    Plaintiffs notified Defendants of discrepancies in their accounts.

> 9.    Defendants PITTMAN and DANZEY misrepresented to Plaintiffs that they would take care of the discrepancies and that they would thereafter properly apply payments to Plaintiffs' loan.

> 10.    Defendants failed or otherwise refused to adequately investigate or remedy the discrepancies and misapplication of funds.

As the Eleventh Circuit has directed, the question is not whether the Plaintiffs will win in their allegations, but whether

they state a colorable claim. Triggs, 154 F.3d at 1287. The Defendants' allegation that the Plaintiffs fraudulently joined Pittman and Danzey fails because the complaint contains at least a colorable cause of action against them.

### Conclusion

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Carlton G. Sutton and Sutton Construction & Drywall Services, Inc., pray that this Honorable Court will remand this action to the state court where it was originally filed. Plaintiffs also request payment of just costs, actual expenses and attorneys' fees associated with the removal.


/s/ Leah O. Taylor
LEAH O. TAYLOR

Attorney for Plaintiffs


OF COUNSEL:

TAYLOR & TAYLOR
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800 (phone)
lotaylor@taylorlawyers.com (e-mail)

William L. Lee, III
William L. Lee, IV
LEE & MCINISH
Post Office Box 1665
Dothan, Alabama 36302
(334) 792-4156 (phone)
wlee3@leeandmcinish.com (e-mail)
wl334@leeandmcinish.com (e-mail)

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed this Motion so that service will be sent by the ECMF System via electronic mail to the following on this the _____ day of June, 2007:

Douglas N. Robertson, Esq.
Gray & Associates LLC
douglasnrobertson@gmail.com

William P. Gray, Jr., Esq.
Gray & Associates LLC
wgratty@aol.com


/s/ Leah O. Taylor
LEAH O. TAYLOR

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY JACKSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-21-WKW |
| | ) | |
| PEOPLES SOUTH BANK f/k/a PEOPLES | ) | |
| COMMUNITY BANK, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Johnny Jackson and Latesia Jackson's (collectively referred to as the "plaintiffs") Motion to Remand (Doc. # 14). For the reasons that follow, the motion is due to be GRANTED.

## I. FACTS AND PROCEDURAL HISTORY

Sometime in early August 2003, the plaintiffs applied for and obtained a construction loan from Peoples Community Bank ("PCB") to finance the building of their new house in Barbour County, Alabama. Plaintiffs allege that they never received the closing documents nor a coupon payment book associated with the PCB loan. Nearly a year later, in May 2004, and after being contacted by PCB regarding a question as to the description of their property, plaintiffs remembered that they had not received the closing documents. They requested that PCB remit copies to them. Plaintiffs allege that the closing documents they received were different from the paperwork that they had initially executed with PCB. Plaintiffs contend that their signatures on the copy of the documents were forged, PCB added a higher interest rate than what both parties had agreed, and PCB added a $145,000 balloon payment requirement to the loan, payable by August 7, 2005. After

**EXHIBIT A**

discovering the unauthorized changes to their loan, the plaintiffs refinanced the loan amount with a different lender. Plaintiffs further allege that sometime in August 2005, Larry Pitchford ("Pitchford"), president of PCB, instructed his employees to add to the loan a $1,600 overdraft. Kevin Potthoff, an employee of PCB, allegedly created the overdraft when he withdrew money from the plaintiffs' checking account to cover an employee theft.

On December 6, 2005, the plaintiffs filed their complaint against PCB, Pitchford, and fictitious defendants (collectively referred to as the "defendants") in the Circuit Court of Barbour County. Plaintiffs alleged various causes of action against the defendants including (1) negligence/wantonness/wilfulness, (2) fraud, (3) suppression, (4) deceit, (5) breach of contract, (6) breach of fiduciary duties, (7) conversion, (8), negligent hiring, retention, and supervision, and (9) intentional infliction of emotional distress. On January 9, 2006, PeoplesSouth Bancshares, Inc.[1], removed the action to this court pursuant to 28 U.S.C. § 1441. PCB argues that diversity jurisdiction exists and Pitchford has been fraudulently joined by the plaintiffs as a resident defendant.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to motions to remand cases removed to this Court pursuant to 28 U.S.C. § 1441, the law of

---

[1] Plaintiffs argue that the notice of removal is fatally defective because a party defendant did not remove the action. Defendant PCB contends that it and PeoplesSouth Bancshares, Inc., are the same entity and any reference to PeoplesSouth Bancshares, Inc., in their notice of removal was a mistake. In support of their argument, PCB briefly outlines the merger of three interstate Peoples Community Banks into a Georgia-based banking corporation with PeoplesSouth Bank the surviving entity. Because the defendants improperly removed this action for reasons that will be addressed in the text of this opinion, the court does not address the alleged defect in the notice of removal. For clarity, all references to PeoplesSouth Bank / PeoplesSouth Bancshares are references to Peoples South Bank.

2

**EXHIBIT A**

this Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

Removal is proper pursuant to Title 28, section 1441 of the United States Code if a federal court would have had original diversity or federal question jurisdiction over the initial action. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing the existence of federal jurisdiction. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967 (11th Cir. 2002). For purposes of diversity jurisdiction, a federal court has original jurisdiction over an action where there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The court will analyze whether it has jurisdiction under 28 U.S.C. § 1332.

## III. DISCUSSION

The defendant has the burden of establishing diversity jurisdiction. Defendant's jurisdictional arguments regarding the amount in controversy and fraudulent joinder will be addressed in turn.

### A.    *Amount in Controversy*

"Where, as here, a plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id.* The district court must determine the propriety of removal on the basis of the "limited universe of evidence available when the motion to remand is filed" in

3

**EXHIBIT A**

accordance with the scheme set forth in 28 U.S.C. §§ 1446 (b) and 1447 (c). *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007)[2].

Defendant first posits that because plaintiffs borrowed $148,000, that such number alone satisfies the amount in controversy and is facially apparent from the complaint. Defendant misconstrues the relief requested by the plaintiffs. The plaintiffs admit that they have refinanced the $148,000 loan with a different lender, therefore there is no allegation that the plaintiffs were somehow cheated out of the sum. The gist of the complaint is not the plaintiffs' request for the totality of the loan, but compensation for excess monies paid for allegedly unauthorized "higher interest rates"; "additional monies [paid because of plaintiffs'] re-financ[ing] with a different lender"; costs incurred for the allegedly unauthorized overdraft; expenses incurred in this lawsuit; excess monies paid which plaintiffs "never received the full use and benefit from"; and mental distress and other damages. (Compl. ¶ 8.) Nowhere in the complaint, most noticeably in the allegations of breach of contract, do plaintiffs request a refund of the totality of the loan. Morever, the only real dollar evidence of damages clearly appearing in the removal documents is the $1,600 overdraft.

Defendant also cites a litany of cases involving compensatory and punitive damages in the context of fraud and negligence as evidence that the amount in controversy exceeds $75,000. The Eleventh Circuit recently ruled such evidence speculative, doubting whether "[evidence regarding the value of other tort claims] is ever of much use in establishing the value of claims in any one particular suit." *Lowery*, 483 F.3d at 1221. The evidence submitted by defendant is just the sort the

---

[2] Although *Lowery* was decided in a Class Action Fairness Act case, its holdings are not limited to that context. *See Constant v. Int'l House of Pancakes*, __ F. Supp. 2d __, No. 07-AR-0072-S, 2007 WL 1346604 (N.D. Ala. Apr. 30, 2007) (Acker, J.).

4

**EXHIBIT A**

Eleventh Circuit directed the district courts to ignore. *See id.* (holding that evidence of other tort verdicts from outside sources is not within the contemplation of 1446(b)).

In order to overcome their heavy burden, the defendants must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Nothing in the removal documents establishes a dollar amount for the plaintiffs' requested relief by that evidentiary standard. The court concludes that the defendants have not established by a preponderance of the evidence that the amount in controversy of this action exceeds $75,000. Therefore, the court lacks diversity jurisdiction even if a resident defendant is fraudulently joined.

**B.     *Fraudulent Joinder***

"In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe*, 113 F.3d at 1538. "[A] third situation of fraudulent joinder [has been] identified - *i.e.*, where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted). Defendants argue only the first prong of *Crowe.* They contend that the plaintiffs are foreclosed from maintaining any cause of action against Pitchford for various reasons, including that the statute of limitations has run, that the plaintiffs have not properly tolled the saving clause of Alabama's fraud statute, that plaintiffs fail to plead fraud with specificity, and that Pitchford's behavior was not so outrageous as to constitute the tort of intentional infliction of emotional distress.

5

**EXHIBIT A**

"The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. The question is whether a state court would find that the complaint has the possibility of stating *any* valid cause of action against Pitchford. *See Cabalceta v. Stand'rd Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (holding that a motion to remand should be denied if there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant.") (emphasis added). It is therefore unnecessary to analyze all counts against Pitchford.

The defendant has not demonstrated that there is no possibility that a state court could find that plaintiffs have established a colorable claim for fraudulent suppression. In order to establish a fraudulent-suppression claim, a plaintiff must show: "(1) [T]hat [the defendants] had a duty to disclose an existing material fact; (2) that [the defendants] suppressed this material fact; (3) that [the defendants] suppression of this fact induced [the plaintiffs] to act or to refrain from acting; and (4) that [the plaintiff] suffered actual damage as a proximate result." *State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834, 837 (Ala. 1998). "A duty to disclose can arise either from a confidential relationship with the plaintiff[s] or from the particular circumstances of the case." Ala. Code § 6-5-102 (1975). A court could find that plaintiffs plausibly allege Pitchford fraudulently suppressed the existence of the overdraft. Pitchford concealed the fact that an employee stole money from plaintiffs' account and subsequently covered up the act by causing the overdraft to be added to the plaintiffs' loan balance. Pitchford failed to advise the plaintiffs of this act because he wanted them

6

**EXHIBIT A**

to continue the loan with PCB. Although a confidential relationship has not been pled, the court can readily see the *possibility* that such relationship would exist between Pitchford and the plaintiffs. Absent a confidential relationship, the particular circumstances alleged would strongly suggest a duty to disclose on the part of Pitchford. Finally, the plaintiffs were damaged by either being forced to pay excess monies on finance charges calculated by the addition of the overdraft or having to refinance their loan with a different lender.[3]

As the Eleventh Circuit has directed, the question is not whether the plaintiffs will win in their allegations, but whether they state a colorable claim. *See Triggs*, 154 F.3d at 1287. The defendant's allegation that the plaintiffs fraudulently joined Pitchford fails because the complaint contains at least a colorable cause of action against Pitchford.[4]

## IV. CONCLUSION

For the foregoing reasons, defendants have not met their burden of establishing diversity jurisdiction. It is hereby ORDERED that:

1.   Plaintiffs' Motion to Remand (Doc. # 14) is GRANTED;

2.   This case is REMANDED to the Circuit Court of Barbour County, Alabama;

---

[3]   The defendant argues that the plaintiffs cannot prove damages in the context of fraudulent suppression. However, the plaintiffs have sufficiently pled that they were damaged by "los[ing] additional monies due to . . . re-financ[ing] with a different lender" and "incurr[ing] costs associated with additional monies added to their loan by the Defendants who had created an overdraft in Plaintiffs' accounts with Defendants . . . ." (Compl. ¶ 7.) The plaintiffs have clearly pled damages arising from the alleged acts of Pitchford.

[4]   There are other defects in the defendant's arguments for fraudulent joinder. For instance, defendants argue that the plaintiffs' fraud allegations are barred by the statute of limitations under Ala. Code § 6-2-3 (1975). Defendants further argue that as a matter of law the savings clause of Alabama's statute of limitations for the plaintiffs' fraud actions was not tolled because the plaintiffs should have known about any possible fraud during August 2003, and *ergo*, the action is not colorable. However, this question is not one for this court to decide. The Eleventh Circuit has stated that "[o]rdinarily, where the viability of a plaintiff's claim against a non-diverse defendant depends on whether § 6-2-3's savings clause applies, the case should be remanded summarily; such a question is emphatically a matter for the state courts to decide." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1282 (11th Cir. 2006).

7

**EXHIBIT A**

3.    The Clerk is DIRECTED to take appropriate steps to effect the remand; and

4.    Any pending motions are left for resolution by the Circuit Court of Barbour County, Alabama.

Done this 27th day of June, 2007.

_____/s/   W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**SALLY CARSWELL and JAMES CARSWELL, Plaintiffs, v. SEARS, ROEBUCK AND COMPANY and FICTITIOUS DEFENDANT "A", Defendants.**

**Case No. 2:06-cv-01098-WKW**

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

**2007 U.S. Dist. LEXIS 42693**

**June 12, 2007, Decided**
**June 12, 2007, Filed**

**COUNSEL:** [*1] For Sally Carswell, James Carswell, Plaintiffs: Aaron John Luck, LEAD ATTORNEY, McPhillips, Shinbaum & Gill, Montgomery, AL.

For Sears, Roebuck and Company, Defendant: Glenn Edwin Ireland, Gregory Austin Brockwell, LEAD ATTORNEYS, Carr Allison Pugh Howard Oliver & Sisson PC, Birmingham, AL.

**JUDGES:** W. Keith Watkins, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** W. Keith Watkins

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Defendant Sears, Roebuck and Company ("Sears") removed this case from the Circuit Court of Montgomery County, Alabama, on December 11, 2006. Before the court is the plaintiffs' Motion to Remand (Doc. # 5), which is due to be granted, and Sears's motion to stay and for leave to conduct jurisdictional discovery (Doc. # 7), which is due to be denied.

Plaintiffs Sally and James Carswell (the "Carswells") allege that Sally was injured on the premises of Sears when a glass shelf in the shoe department fell on her. The Carswells bring state law claims for negligence and wantonness, seeking unspecified damages for personal injuries and loss of consortium. In its notice of removal,

Sears alleges that the value of the Carswells' claims "could conceivably amount to more than $ 75,000." [*2] (Doc. # 1, P 10.)

Sears's device for supplying an otherwise unspecified claim for damages is no longer allowed in the Eleventh Circuit. *See Lowery v. Alabama Power Co.,* 483 F.3d 1184 (11th Cir. 2007). [1] Prior to *Lowery,* Alabama personal injury cases and wrongful death cases with diversity of citizenship but no *ad damnum* were routinely removed to federal court and often kept there by the defendant asserting the existence of more than $ 75,000 in controversy and citing jury awards in excess of that amount in similar Alabama cases. In contrast to the former practice, *Lowery* now requires that the documents before the court on removal "unambiguously establish federal jurisdiction." *Id.* at 1213. District courts in this circuit are no longer able to "speculate in an attempt to make up for the notice's failings," *id.* at 1214-15, nor are courts able to consider "evidence regarding the value of other tort claims." *Id.* at 1221. [2]

1  Although Lowery was decided in a Class Action Fairness Act case, its holdings are not limited to that context. *See Constant v. Int'l House of Pancakes, Inc.,*    F. Supp. 2d    , No. 07-AR-0072-S, 2007 U.S. Dist. LEXIS 33354, 2007 WL 1346604 (N.D. Ala. Apr. 30, 2007) (Acker, J.).

[*3]

2  The *Lowery* court explains why outside evidence of jury verdicts from other tort cases is insufficient:

As such, the evidence is not of the sort contemplated by § 1446(b). . . . [W]e question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit. . . . [T]he facts regarding other cases tell us nothing about the value of the claims in this lawsuit. . . . [W]e cannot possibly ascertain how similar the current action is to those the defendants cite.

*Id.* at 1221.

The removing party continues to bear the burden of establishing the requisite jurisdictional amount in the absence of an *ad damnum* by a preponderance of the evidence. *Id.* at 1210. The district court must determine the propriety of removal on the basis of the "limited universe of evidence available when the motion to remand is filed," in accordance with the scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c). *Id.* at 1213-14. "If the jurisdictional amount is either stated clearly on the face [*4] of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." *Id.* at 1211.

Here, the Carswells' complaint contains no *ad damnum.* In its Notice of Removal, Sears attempts to show jurisdictional compliance with 28 U.S.C. § 1332(a) by asserting that the plaintiffs' own allegations demonstrate that Sally Carswell suffered a head injury that required surgery and that she is seeking compensation for her medical bills, pain and suffering, and mental anguish. Sears further states that the Carswells represented that Sally Carswell had incurred $ 38,136.96 in medical expenses as of November 2005. Because medical expenses are only one component of Carswells' claim for compensatory damages and the plaintiffs also seeks punitive damages, Sears reasons that "it is foreseeable that Plaintiff could constitutionally

recover more than $ 75,000 in damages." (Doc. # 1, P 15.) On the record before it, however, the court finds that Sears's conclusion is speculative. The jurisdictional amount is not [*5] clearly stated on the face of the complaint and is not readily deducible from the removal documents.

Sears alternatively seeks a stay of the remand proceedings and leave to conduct limited discovery on the issue of jurisdiction. This request must be denied pursuant to Lowery:

A district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery. Doing so impermissibly lightens the defendant's burden of establishing jurisdiction. A court should not participate in a one-sided subversion of the rules. The proper course is remand.

*Lowery,* 483 F.3d at 1218 (footnotes omitted). Accordingly, no jurisdictional discovery will be allowed.

Because Sears fails to carry its burden of establishing the jurisdictional amount by a preponderance of the evidence, the case must be remanded. For the reasons expressed, it is ORDERED that:

1. The Motion to Stay Remand Proceedings and for Leave to Conduct Jurisdictional Discovery (Doc. # 7) is DENIED;

2. The Motion to Remand (doc. # 5) is GRANTED; therefore, this case is REMANDED to the Circuit Court of Montgomery County; and

3. The Clerk [*6] is DIRECTED to take appropriate steps to effect the remand.

DONE this 12th day of June, 2007.

/s/ W. Keith Watkins

UNITED STATES DISTRICT JUDGE

2 of 5 DOCUMENTS

**BUFORD FLOWERS, et al., Plaintiffs, v. PRIORITY HEALTHCARE PHARMACY, INC., et al., Defendant.**

**CIVIL ACTION 07-0250-WS-M**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION**

**2007 U.S. Dist. LEXIS 34688**

**May 10, 2007, Decided**
**May 10, 2007, Filed**

**COUNSEL:** [*1] For Buford Flowers, Josephine Flowers, John T. Johns, Lois A. Johns, Bobby Joan Williamson, Vernon G. Williamson, Plaintiffs: Richard L. Thiry, LEAD ATTORNEY, Mobile, AL.

For Priority Healthcare Pharmacy, Inc., Priority Healthcare Corporation, Defendants: Halron W. Turner, LEAD ATTORNEY, Turner, Onderdonk, Kimbrough & Howell, Chatom, AL; Marc E. Bradley, Mobile, AL; Michael P. Nolan, Husch & Eppenberger, LLC, Saint Louis, MO.

**JUDGES:** WILLIAM H. STEELE, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** WILLIAM H. STEELE

**OPINION**

**ORDER**

This matter is before the Court on the plaintiffs' motion to remand. (Doc. 4). The parties have submitted briefs and other materials in support of their respective positions, (Docs. 9, 15), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to remand is due to be granted.

The plaintiffs filed this action in state court, alleging various state-law claims. The complaint seeks compensatory and punitive damages in an unspecified amount. The defendants removed on the basis of diversity of citizenship. They did not file any evidence concerning the amount in controversy, [*2] but stated that, "[b]ased on the injuries alleged and the fact that each Plaintiff seeks compensatory and punitive damages, it is clear from the face of the Complaint that each Plaintiff seeks damages greater than $ 75,000." (Doc. 1, P 13).

Along with their motion to remand, the plaintiffs filed affidavits declaring that no plaintiff is seeking, or will seek, in excess of the jurisdictional amount. (Doc. 4, Exhibits). The defendants responded that the affidavits were insufficient because they did not bind the plaintiffs to refuse a higher amount should the jury award it. The defendants stated that the affidavits "as they currently stand" were not effective and that, "[u]nless and until Plaintiffs cure this defect," the motion to remand should be denied. (Doc. 9 at 2, 3). In reply, the plaintiffs submitted affidavits making precisely the binding stipulation the defendants identified as satisfactory. (Doc. 15, Exhibits).

"[T]he district court must determine whether it had subject matter jurisdiction at the time of removal. [footnote omitted] That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust [*3] the district court's jurisdiction." *Poore v. American-Amicable Life Insurance Co.,* 218 F.3d 1287, 1290-91 (11th Cir. 2000); *accord Leonard v. Enterprise Rent A Car,* 279 F.3d 967, 972 (11th Cir. 2002) ("If jurisdiction was proper at that date [the date of removal], subsequent events, even the loss of the required amount in

**EXHIBIT C**

2007 U.S. Dist. LEXIS 34688, *3

controversy, will not operate to divest the court of jurisdiction."). The Court agrees with the defendants, (Doc. 9 at 2), that the plaintiffs' affidavits do not reduce the amount in controversy following removal but merely clarify the amount that was in controversy at the time of removal.

"[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $ [75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds, Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000). Because the plaintiff has made an unspecified demand for damages, the *Tapscott* [*4] standard applies here. Because the only evidence of the amount in controversy is the plaintiffs' affidavits, the preponderance of the evidence necessarily shows that the amount in controversy does not exceed $ 75,000. Accordingly, remand would be required even had the defendants not been satisfied with the affidavits. [1]

1   The complaint does not on its face establish the amount in controversy, and the defendants are prohibited from conducting discovery in federal court to flesh out the amount in controversy once the plaintiff moves to remand. *Lowery v. Alabama Power Co.,* 2007 U.S. App. LEXIS 8289, 2007 WL 1062769 at *17-20 (11th Cir. 2007). Thus, even had the plaintiffs not filed their affidavits, remand would have been required. *Id.* Because the plaintiffs did file these affidavits, and did so for the purpose of securing remand, they remain bound by them in state court.

For the reasons set forth above, this case is hereby **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 10th day of May, [*5] 2007.

s/ WILLIAM H. STEELE

UNITED STATES DISTRICT JUDGE

**EXHIBIT C**