IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARLTON G. SUTTON and SUTTON CONSTRUCTION & DRYWALL SERVICES, INC., a corporation, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| vs. | § § | 1:07cv497-MHT |
| AMERICAN BANKING COMPANY d/b/a Ameris Bank, a corporation; MARVIN DANZEY; and HARRIS O. PITTMAN, III, et al., | § § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

COME NOW the Plaintiffs, Carlton G. Sutton and Sutton Construction & Drywall Services, Inc., and without waiving any grounds set forth in their motion to remand, offer the following opposition to Defendants' motion to dismiss:

**Factual Background**

In 2004, Plaintiff Carlton G. Sutton met with Marvin Danzey at Ameris Bank in connection with a loan for his construction business, Sutton Construction & Drywall Services, Inc. Ameris Bank represented that it would finance Plaintiffs' loan at certain rates, terms, amounts and conditions and would properly handle and account for Plaintiffs' monies. As a result of these representations, Plaintiffs agreed to and did enter into certain contracts and/or agreements with Defendant Ameris Bank for a loan.

Case 1:07-cv-00497-MHT-TFM    Document 12    Filed 07/09/2007    Page 2 of 12

Sutton and Sutton Construction & Drywall Services made payments on the loan but monies which were paid toward the loan were misapplied or otherwise mishandled by Ameris Bank. Sutton notified the Bank of the discrepancies.

Harris O. Pittman, III is the President of Ameris Bank. Defendants Pittman and Danzey misrepresented to Sutton that they would take care of the discrepancies and that they would thereafter properly apply payments to the loan. Defendants failed or otherwise refused to adequately investigate or remedy the discrepancies and misapplication of funds.

## **Procedural Posture**

This case was removed to this Court on June 6, 2007, under the claim that Defendants Danzey and Pittman were fraudulently joined. Defendants also alleged in their notice of removal that Plaintiffs' claims against Defendants Danzey and Pittman were due to be dismissed. This Court ordered that Plaintiffs respond to the motion to dismiss by July 9, 2007. Plaintiffs have filed a motion to remand.[1] Since Defendants' claim of diversity jurisdiction is based upon the fraudulent joinder of two resident defendants who

---

[1] The test for removal is whether there is any possibility that a state court could find that the Plaintiffs' Complaint states **a** cause of action against Pittman and Danzey. Plaintiffs contended in their motion to remand that there is a possibility that a state court could find that the Plaintiffs' complaint stated a cause of action for fraud against Pittman and Danzey.

2

destroy diversity, the question for this Court to determine in both of the motions is the same: Whether or not Plaintiffs have stated a claim against Defendants Danzey or Pittman under which there is any possibility of recovery.

This Court must first determine the motion to remand and whether it has jurisdiction before it can determine the motion to dismiss. <u>University of South Alabama v. American Tobacco Co.</u>, 168 F.3d 400, 405 (11th Cir. 1999)(any substantive ruling on any motion to dismiss or motion for summary judgment are inappropriate until the court determines whether it has subject matter jurisdiction). Therefore, the decision on the motion to remand could make the motion to dismiss moot. Out of an abundance of caution, Plaintiffs will respond to the Defendants' motion to dismiss with responses which mirror the motion to remand.

### **Standard**

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." <u>Grossman v. Nationsbank, N.A.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000). The rules of pleading require only that a complaint

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules of pleading do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). Thus, a plaintiff must meet only an "exceedingly low" threshold to withstand a Rule 12(b)(6) motion. <u>United States v. Baxter Int'l, Inc.</u>, 345 F.3d 866, 881 (11th Cir. 2003).

As a preliminary issue, arguments as to the facts or in regard to what the evidence may or may not show are improper and not for this Court's consideration in these motions. Defendants in their briefs continually make summary judgment arguments about what Plaintiffs have not yet proven. These types of arguments are not to be considered. The only question at this point is whether Plaintiffs have stated a claim under which there is any possibility of recovery. If there is any possibility then the case must be remanded to the Circuit Court of Houston County, Alabama. Defendants have ignored their heavy burden to prove that there is no possibility of recovery for the Plaintiffs under Alabama law against Pittman and Danzey and instead have attempted to make speculative arguments over the evidence and facts of the case. At

this point the allegations stated by Plaintiffs must be treated as established fact. It is clear that Plaintiffs have stated valid claims and this case must be remanded as this Court lacks jurisdiction.

## Argument

To be clear, Plaintiffs are not pursing claims against Defendants Danzey and Pittman for breach of contract. The complaint does not state a claim against those Defendants for breach of contract. Plaintiffs' claims against Danzey and Pittman include claims for negligence, wantonness, fraud, misrepresentation, suppression, deceit, breach of fiduciary duty and conversion.

### I. Plaintiffs Have Valid Claims for Fraud, Misrepresentation and/or Suppression

A false statement may be spoken, written or other conduct. To recover damages on this claim, Plaintiffs must establish: (1) that Defendants intentionally, mistakenly and/or recklessly stated to Plaintiffs that a present or past important fact was true; (2) that Defendants' statements were false; (3) that Defendants knew that the statements were false when they made them and Plaintiffs did not know such statements were false; (4) that Defendants intended that Plaintiffs rely on those statements; (5) that Plaintiffs relied on the statements; and (6) that Plaintiffs acted and were harmed. Osborn v. Custom Truck Sales & Service, Div. of Alley-

Cassetty Coal, Inc., 562 So.2d 243 (Ala. 1990). To prove their suppression claim, Plaintiffs must show that Defendants hid or withheld an important fact from Plaintiffs; that Plaintiffs did not know of the important fact; that Plaintiffs acted and was harmed. State Farm Fire & Cas. Co. v. Owen, 729 So. 2d 834, 837 (Ala. 1998); Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37 (1970). "A duty to disclose can arise either from a confidential relationship with the plaintiff[s] or from the particular circumstances of the case." Ala. Code, 1975 § 6-5-102.

Plaintiffs have stated valid claims for fraud, misrepresentation and/or suppression. Plaintiffs say that they were harmed by false statements intentionally, mistakenly and/or recklessly made by Defendants Danzey and Pittman. Plaintiffs say the false statements were: (1) that they would reasonably and properly handle, maintain, oversee, protect, possess and/or otherwise account for Plaintiffs' loan; (2) that they would act with honesty and in good faith in and throughout the process of obtaining, maintaining, overseeing, protecting, possessing, accounting for and/or otherwise handling Plaintiffs' accounts and/or loans; and (3) that they would take care of Plaintiffs' loan account discrepancies and would properly apply Plaintiffs' payments to Plaintiffs' loan. Plaintiffs also say that they were harmed because Defendants hid or withheld important facts from them. Plaintiffs also say that Defendants suppressed material facts

concerning their loans, funds and bank accounts. Plaintiffs can prove that, contrary to the assurances of the individual Defendants, loan payments made by Plaintiffs were repeatedly misapplied and Plaintiffs have been damaged as a proximate result.

## II.  Plaintiffs Have Valid Claims for Negligence and/or Wantonness

Negligence is the failure to use reasonable care to prevent harm to oneself or others. A person's conduct is negligent when he either does something that a reasonably prudent person would not do in a similar situation, or fails to do something that a reasonably prudent person would have done in a similar situation. Ex parte Wild Wild West Social Club, Inc., 806 So.2d 1235, 1240 (Ala. 2001).

Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he either consciously and intentionally did some wrongful act or consciously omitted some known duty which produced the injury. Machen v. Childersburg Bancorporation, Inc., 761 So.2d 981 (Ala. 1999); Ala. Code, 1975 § 6-11-20(b)(3). When an employee commits wantonness within the line and scope of his employment, his employer is also liable for such wantonness regardless of the employer's lack of actual participation in such wantonness of his employee.

Plaintiffs can prove that Defendants Danzey and Pittman negligently and/or wantonly failed and/or otherwise refused to adequately or reasonably account for loan payments delivered to Defendants by Plaintiffs, even though Defendants had been notified by Sutton of problems he had been experiencing with Plaintiffs' loan account.

### III. Plaintiffs Have Valid Claims for Breach of Fiduciary Duty

A fiduciary obligation exists whenever one person – the client – places special trust and confidence in another person – the fiduciary – relying upon the fiduciary to exercise discretion or expertise in acting for the client. The fiduciary knowingly accepts that trust and confidence and thereafter undertakes to act in behalf of the client by exercising the fiduciary's own discretion and expertise. The mere fact that a business relationship comes into being between two persons does not mean that either owes a fiduciary obligation to the other. If one person engages or employs another and thereafter directs or supervises or approves the other's actions, the person so employed is not a fiduciary. It is only when one party reposes, and the other accepts, a special trust and confidence, usually involving the exercise of professional expertise and discretion that a fiduciary relationship comes into being. Army Aviation Center Federal Credit Union v. Johnson, 716 So.2d 1250 (Ala. Civ. App. 1998); AmSouth Bank v. Spigener, 505 So.2d 1030 (Ala. 1986).

When one person does undertake to act for another in a fiduciary relationship, the law forbids the fiduciary from acting in any manner adverse or contrary to the interests of the client, or from acting for the fiduciary's own benefit in relation to the subject matter of their relationship.  The client is entitled to the best efforts of the fiduciary on the client's behalf, and the fiduciary must exercise skill, care and diligence when acting on behalf of the client.  A person acting in a fiduciary capacity is required to make truthful and complete disclosures to those to whom a fiduciary obligation is owed, and the fiduciary is forbidden to obtain an unreasonable advantage at the client's expense.  <u>Army Aviation Center Federal Credit Union v. Johnson</u>, 716 So.2d 1250 (Ala. Civ. App. 1998); <u>AmSouth Bank v. Spigener</u>, 505 So.2d 1030 (Ala. 1986).

Plaintiffs can prove that Defendants Pittman and Danzey breached their fiduciary duty to Plaintiffs by failing to act with honesty and in good faith with regard to the handling and management of Plaintiffs' loan account.  Defendants further breached their fiduciary duty to Plaintiffs by failing to be completely loyal and faithful to the Plaintiffs, and by failing to provide services to Plaintiffs honestly and in good faith.

**IV.  Plaintiffs Have Valid Claims for Conversion.**

To constitute conversion, there must be a wrongful taking or a wrongful detention or interference, or an illegal assumption of

ownership, or an illegal use or misuse. <u>Ott v. Fox</u>, 362 So.2d 836 (Ala. 1978). Damages for conversion are measured by the value of the property as of the date of the conversion plus interest at the rate of 6% per annum from the date of the conversion. <u>Charter Hospital of Mobile, Inc. v. Weinberg</u>, 558 So.2d 909, 912 (Ala. 1990). Punitive damages are recoverable for conversion when such conversion was willful or was committed under circumstances of insult or malice. <u>Lyons v. Williams</u>, 567 So.2d 1280 (Ala. 1990). It is sufficient if the proof shows that the conversion was attended by rudeness, wantonness, recklessness or insulting manner or accompanied by circumstances of fraud, oppression, aggravation or gross negligence. <u>Empire Gas, Inc. v. Cartwright</u>, 595 So.2d 1348 (Ala. 1992).

Plaintiffs can prove that payments which they made on their loan were not properly applied to their loan. These payments have been misapplied and/or taken by Defendants. Such wrongful taking or detention constitutes conversion.

## **Conclusion**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Carlton G. Sutton and Sutton Construction & Drywall Services, Inc., pray that this Honorable Court will deny Defendants' motion to dismiss and remand this case to the Circuit Court of Houston County, Alabama.

/s/ Leah O. Taylor
LEAH O. TAYLOR

Attorney for Plaintiffs

OF COUNSEL:

TAYLOR & TAYLOR
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800 (phone)
lotaylor@taylorlawyers.com (e-mail)

William L. Lee, III
William L. Lee, IV
LEE & MCINISH
Post Office Box 1665
Dothan, Alabama 36302
(334) 792-4156 (phone)
wlee3@leeandmcinish.com (e-mail)
wl334@leeandmcinish.com (e-mail)

**CERTIFICATE OF SERVICE**

    I hereby certify that I have electronically filed this Motion so that service will be sent by the ECMF System via electronic mail to the following on this the 9th day of July, 2007:

Douglas N. Robertson, Esq.
Gray & Associates LLC
douglasnrobertson@gmail.com

William P. Gray, Jr., Esq.
Gray & Associates LLC
wgratty@aol.com


                        /s/ Leah O. Taylor
                        LEAH O. TAYLOR