IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARLTON G. SUTTON and SUTTON CONSTRUCTION & DRYWALL SERVICES, INC., a corporation, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| vs. | § § | 1:07cv497-MHT |
| AMERICAN BANKING COMPANY d/b/a Ameris Bank, a corporation; MARVIN DANZEY; and HARRIS O. PITTMAN, III, et al., | § § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' REPLY TO DEFENDANTS'
OPPOSITION TO MOTION TO REMAND**

This case should be remanded to the Circuit Court of Houston County, Alabama. The individual Defendants, Marvin Danzey and Harris O. Pittman, III, are Alabama residents; thus, there is no diversity. Defendants have not met their burden of proving by clear and convincing evidence that their joinder in this lawsuit was fraudulent. Plaintiffs had a right to sue Mr. Danzey and Mr. Pittman because they falsely represented to Plaintiffs that they would take care of discrepancies on their loan payments and that they would thereafter properly apply payments to the loan. Defendants failed or otherwise refused to adequately investigate or remedy the discrepancies and misapplication of funds.

Remand is appropriate for another reason. Defendants failed to meet their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its opposition to Plaintiffs' motion to remand, Defendants argue that Plaintiffs offered no evidence that the amount in controversy was less than $75,000. Defendants completely misapprehend which party has the burden of proof regarding the amount in controversy. As the removing party, Defendants bear the burden of establishing by a preponderance of the evidence that the amount in controversy requirement is met. Williams v. Best Buy Co., 269 F.3d 1316, 1318 (11th Cir. 2001).

This Court must determine the propriety of removal on the basis of the "limited universe of evidence available when the motion to remand is filed." Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007). The "evidence" submitted by the Defendants in this case is just the sort the Eleventh Circuit directed the district courts to ignore. 483 F.3d at 1221. Defendants argue that the amount in controversy jurisdictional requirement is met because Plaintiffs have requested punitive damages. However, this argument begs the question of what those punitive damages are likely to be – a question that Defendants bear the burden of answering. Moore v. CNA Foundation, 472 F.Supp.2d 1327 (M.D. Ala. 2007). Also, comments about Plaintiffs' counsel and their reputation for seeking and frequently obtaining millions of dollars

in punitive damages in the past is too speculative to establish the amount in controversy *in this case*.

Finally, Defendants ask this Court to inquire of the Plaintiffs what their damages are and if they are willing to stipulate regarding the amount in controversy. Requiring the Plaintiffs to "state the damages they seek" during remand proceedings would impermissibly shift the burden of proof away from the Defendants, whose otherwise inadmissible and conclusory arguments do not even really approach their required showing. The Eleventh Circuit has recognized that "there are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [a defendant's] burden of proof on the jurisdictional issue." Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001).

Plaintiffs do not have to prove anything to support federal jurisdiction. Defendants had the burden of proof. They failed to carry that burden in this case.[1] Moore v. CNA Foundation, 472 F.Supp.2d 1327 (M.D. Ala. 2007). The case is due to be remanded to the state court. See also Ellis Motor Cars, Inc. v. Westport Insurance Corp., 2007 U.S. Dist. LEXIS 48517 (M.D. Ala., July 5,

---

[1] Plaintiffs will do their utmost to obtain the best and fairest recovery in this case, whether it is heard here or in the state court from which it was removed. However, their earnestness is not the issue. The issue is whether the Defendants have carried their burden to prove the requirements of federal diversity jurisdiction. They have not.

2007); <u>Carswell v. Sears, Roebuck & Co.</u>, 2007 U.S. Dist. LEXIS 42693 (M.D. Ala., June 12, 2007); <u>Buford Flowers v. Priority Healthcare Pharmacy, Inc.</u>, 2007 U.S. Dist. LEXIS 34688 (S.D. Ala., May 10, 2007).

## **Conclusion**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Carlton G. Sutton and Sutton Construction & Drywall Services, Inc., pray that this Honorable Court will remand this action to the state court where it was originally filed.

            Respectfully submitted,


            /s/ Leah O. Taylor
            LEAH O. TAYLOR
            TED TAYLOR

            Attorneys for Plaintiffs


<u>OF COUNSEL:</u>

TAYLOR & TAYLOR
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800 (phone)
lotaylor@taylorlawyers.com (e-mail)

William L. Lee, III
William L. Lee, IV
LEE & MCINISH
Post Office Box 1665
Dothan, Alabama 36302
(334) 792-4156 (phone)
wlee3@leeandmcinish.com (e-mail)
wl334@leeandmcinish.com (e-mail)

**CERTIFICATE OF SERVICE**

    I hereby certify that I have electronically filed this Motion so that service will be sent by the ECMF System via electronic mail to the following on this the 12th day of July, 2007:

Douglas N. Robertson, Esq.
Gray & Associates LLC
douglasnrobertson@gmail.com

William P. Gray, Jr., Esq.
Gray & Associates LLC
wgratty@aol.com


                                /s/ Leah O. Taylor
                                LEAH O. TAYLOR